## WOOD *v.* BRADY.

ERROR TO THE SUPREME COURT OF THE STATE OF CALIFORNIA.

No. 815. Submitted October 10, 1893. — Decided October 23, 1893.

The construction placed by a state court upon one statute implies no obligation on its part to put the same construction upon a different statute, though the language of the two may be similar.

The question whether an action to foreclose a lien for unpaid assessments for street improvements in San Francisco is *in rem* or *in personam*, is one upon which the decision of the Supreme Court of California is binding, and its ruling that a plaintiff who was no party to defendants' suits to foreclose, has a right to show by evidence *aliunde* the invalidity of the judgments obtained by them, is not a subject for review here.

MOTION to dismiss, or affirm. This action was originally begun by Brady in the Superior Court of San Francisco against a number of defendants, including Wood and Diggins, the plaintiffs in error, to quiet his title to two lots of land, in which it was averred that defendants claimed an interest adverse to the plaintiff. Both parties claimed title under certain assessments for street improvements and sales under proceedings to foreclose liens for such assessments. The assessments under which plaintiff claimed were prior in point of time to those under which defendants claimed, but the deeds issued to defendants antedated those under which the plaintiff claimed.

The assessments upon which plaintiff relied were recorded November 14, 1870; actions were begun against the owners of the two lots early in 1871 to foreclose the liens created by these assessments, and judgments and orders of sale were entered in both cases in January, 1882. Appeals were taken to the Supreme Court in both cases, and the judgments of the

court below affirmed December 15, 1884, and remittiturs filed January 19, 1885. Both lots were sold by the sheriff to the plaintiff March 31, 1885, and no redemption having been made, sheriff's deeds were delivered October 3, 1885.

On July 10, 1875, other assessments were recorded upon these lots in favor of Diggins; actions were begun to foreclose them December 28, 1875; judgments rendered July 25, 1878, and sale made of lot 5, January 12, 1880, to Diggins, and of lot 6, November 15, 1878, to defendant Wood; and deeds were delivered on May 5, 1881, and November 12, 1879, respectively. By the contracts between Diggins and the superintendent of public streets, which were executed April 19, 1875, it was agreed that the work should be commenced within seven days and completed within fifty days from April 27, 1875; it further appeared that said fifty days expired on the 16th day of June, 1875; that said Diggins commenced the work under his contract and completed the same after the 1st day of July, 1875; that on the 1st day of July, 1875, and not before, Diggins obtained from the Board of Supervisors an extension of time within which to complete the contracts, and no other extension of time was obtained by him within which to complete the work under said contracts.

Other similar assessments were made and recorded upon which foreclosure proceedings were also instituted and carried to judgment and sale. These, however, it is not necessary to specify particularly.

In this connection the Supreme Court of California, to which the case was carried by appeal, held —

1. That the judgments under which Brady held were conclusive as against the owners of the lots in controversy, who had been made defendants in the foreclosure proceedings, and that the sales had transferred the legal title of such owners to the plaintiff, and although the sheriff's deeds made to defendants Wood and Diggins antedated those of the plaintiff, and were based upon judgments prior to those under which plaintiff claimed, yet, as the liens under which plaintiff's judgment were rendered were older than those of the defendants, plaintiff had the superior legal title.

2. That the most the defendants could claim was that, as they had no notice of plaintiff's foreclosure suits, plaintiff took his title incumbered with all valid liens thereon held by them at the date of the judgment; and that, assuming that defendants did not have this notice, the court did not err in allowing plaintiff to show that the liens under which defendants claimed were not valid.

3. That as to two of the deeds relied upon by defendants, it was found that the work for which the assessment underlying such deeds was made was not completed within the time fixed by the contract, and that the order of the Board of Supervisors granting the extension was not made until after the expiration of the time allowed by the contract for its completion; and, this being so, the contractor never acquired any valid lien upon the property.

4. That as to another deed to defendant Wood, the court found that the Board of Supervisors failed to publish for the length of time required by law the resolution of intention to do the street work which resulted in the subsequent assessment, foreclosure, and sale.

Its conclusion was that the liens upon which defendants' deeds depended for their validity were void, and defendants acquired no interest in the lot as against the plaintiff. *Brady* v. *Burke*, 90 California, 1.

Defendants thereupon sued out this writ of error, which plaintiff moved to dismiss upon the ground that no Federal question was involved.

*Mr. James G. Maguire* for the motion.

*Mr. J. C. Bates* opposing.

Mr. Justice Brown, after stating the case, delivered the opinion of the court.

In this case the Chief Justice of California has certified that the defendants insisted that the judgments under which they claimed title were valid when the assessments were made and judgments thereon rendered, and that the extensions of time

granted to do the work mentioned in said contracts were valid and binding under the decisions of the Supreme Court when said judgments were rendered, and that said judgments and assessments could not be impaired by a subsequent judicial construction of the law holding such extensions to have been invalid.

The gist of the error charged by the plaintiff lies in the alleged overruling of a prior decision of the Supreme Court of California in *Taylor* v. *Palmer*, 31 California, 240, which was also an action to recover a street assessment and to enforce a lien for the same against certain real estate in San Francisco. The contract in this case was let and the work done under an act passed in 1862, Act of April 26, 1862, Laws of 1862, c. 297, p. 384, as amended in 1863. The contract required the work to be performed within thirty days. The work was not completed at the expiration of that time, and two days thereafter the time was extended by resolution of the Board of Supervisors. It was claimed that this extension was illegal, but the court held that the power to extend the time was expressly conferred by the act of 1863, which provided that the street "Superintendent shall fix the time for the commencement and completion of the work, under all contracts entered into by him, and may extend the time so fixed from time to time under the direction of the Board of Supervisors." It was held that this power of extension might be exercised after the expiration of the time previously fixed, the act providing that "in all cases where the Superintendent, under the direction of said Board, has extended the time for the performance of contracts, the same shall be held to have been legally extended."

The law remained in this condition until the session of 1871–72, when another act was passed, Act of April 1, 1872, c. 562, Laws 1871–72, p. 804, which applied to the city and county of San Francisco only, but it contained in section 6 the following provision: "Should said contractor, or the property owners, fail to prosecute the same" (the work) "diligently or continuously in the judgment of said Superintendent of Public Streets, Highways and Squares, or complete it within the time prescribed in the contract, or within such extended time, then it

shall be the duty of the said Superintendent of Public Streets, Highways and Squares, to report the same to the Board of Supervisors, who shall without further petition on behalf of the property owners, order the Clerk of the Board of Supervisors to advertise for bids, as in the first instance, and relet the contract, in the manner hereinbefore provided." It was under this statute that the contracts were let to Wood and Diggins.

The construction of this statute was discussed in 1879 in *Beveridge* v. *Livingstone*, 54 California, 54, and the court held that the requirements of the sixth section were mandatory, and excluded the exercise by the Board or Superintendent of any power to extend the time for completing the work after the expiration of the contract time, or of an extension ordered during the running of the contract time ; and that such extension was, therefore, void. The case was distinguished from that of *Taylor* v. *Palmer*, and the court remarked that it was not inclined to be controlled by the authority of that case further than as it construed the exact language of the act of 1863, under which it was decided.

Both contracts between Diggins and the Superintendent had been extended after the time originally limited for the performance of the work, and plaintiff Brady was permitted to show this to impeach defendants' judgments and invalidate their liens. Plaintiffs in error now contend that the construction given by the Supreme Court in *Taylor* v. *Palmer*, in favor of the validity of such extensions, was one upon which Diggins was entitled to rely, and constituted a part of his contract, the obligation of which could not be impaired by a different construction subsequently given. But assuming for the purposes of this case that there may be a vested right under an erroneous decision, it is carrying the doctrine to an unwarrantable extent to say that the construction placed by the court upon one statute implies an obligation on its part to put the same construction upon a different statute, though the language of the two may be similar.

The argument that the language being similar, a like construction should be put upon both acts, is one properly ad-

dressed to the state court; but when that court·has assumed to distinguish between the two acts, it is not within our province to say that the distinction is not well taken. The acts in this case,, though similar, are not identical, and there is certainly some ground for saying that the construction of the two should not be the same. The point made by the plaintiffs in error that the decision in *Beveridge* v. *Livingstone* was made retroactive is answered by the fact that courts are bound·, in their very nature to declare what the law is and has been, and not what it shall be in the future, and that if they were absolutely bound by their prior decisions, they would be without the power to correct their own errors.

But even if it were conceded that defendants had a right to rely upon the Supreme Court giving to the act of 1872 the same construction it had placed upon the act of 1863, that construction was nothing more than that the Board of Supervisors had a discretion to extend the time for the performance of the contract after the time originally limited had expired. It is evident that this was no part of defendants' contracts. Their contracts were to do certain work within a certain time, and the fact that there was a discretion on the part of the Board of Supervisors to extend such time did not enter into or form. a part of the contract. It was a discretion which the Board of Supervisors might or might not exercise. If the contractor had violated his contract, he had no legal right to such extension, and took his chances of obtaining it. In other words, there was no possible contract the obligation of which could be impaired by a ruling that the Board of Supervisors had no power to grant such extension.

The question whether an action to foreclose a lien of this kind is *in rem,* or *in personam,* under the practice in California, is one upon which the decision of the Supreme Court is binding, and its·ruling that plaintiff, being no party to defendants' suits to foreclose, had a right to show by evidence *aliunde* the invalidity of the judgments obtained by them, is not a proper subject for review by this court.

In no aspect does the case present a Federal question, and the writ is, therefore,                                    *Dismissed.*