# HANFORD *v.* DAVIES.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF WASHINGTON.

No. 260. Argued and submitted April 29, 30, 1896. — Decided May 18, 1896.

The constitutional prohibition upon the passage of state laws impairing the obligation of contracts has reference only to the laws, that is, to the constitutional provisions or to the legislative enactments, of a State, and not to judicial decisions or the acts of state tribunals or officers under statutes in force at the time of the making of the contract, the obligation of which is alleged to have been impaired.

When it is the purpose to present a case under the clause of the Constitution relating to due process of law, and both parties are citizens of the same State, the grounds upon which a Federal court can take cognizance of a suit of that character and between such parties must be clearly and distinctly stated in the bill.

Jurisdiction in such case cannot be inferred argumentatively from averments in the pleadings, but the averments must be positive.

This cause was determined in the court below upon a demurrer to the bill. The grounds of demurrer were: 1. That the bill did not set forth any case entitling the plaintiff to relief. 2. That the Circuit Court had no jurisdiction.

It was adjudged that the bill did not state a case within the jurisdiction of the Circuit Court, and the question of jurisdiction alone has been certified. 51 Fed. Rep. 258.

Taking the case to be as made by the bill, it is substantially as follows:

On October 14, 1878, the Territory of Washington, for a valuable consideration, executed to Thaddeus Hanford a deed conveying to him, his heirs and assigns, certain lands in what is now King County, State of Washington. The deed was duly recorded on November 25, 1878. It was executed by the Territory in pursuance of a sale made by it of those lands as the property of one Lumley Franklin, for the non-payment of taxes due from him. The deed contained what the bill describes as "the following contract and agreement" between the parties, namely: "Now therefore the said party of the first part by virtue of the statute in such case made and provided, for the consideration of the sum of money above mentioned paid to the county treasurer of said county, has granted, bargained, sold and conveyed, and by these presents does grant, bargain, sell, convey and confirm unto the said Thaddeus Hanford, his heirs and assigns, the said described real estate, together with all and singular the tenements and appurtenances thereto belonging or in anywise appertaining, and the rents, issues and profits thereof, as well in law as in equity, and the right, title and interest of the said Lumley Franklin and all owners known or unknown, of, in or to the above described premises."

Thaddeus Hanford immediately entered into possession of the premises, paid the taxes thereon and improved the same, remaining in possession until the 17th day of September, 1885.

The statutes of Washington Territory in force at the date of the above tax sale, as well as at the date of the execution of the above deed, prohibited the bringing of any suit or proceeding for the recovery of land sold for taxes after the

expiration of three years from the recording of the tax deed of sale, except in cases where the tax had been paid or the land redeemed, or where such suit was brought by the purchaser at the tax sale. The statute also provided that the tax deed should be presumptive evidence of the regularity of all former proceedings.

On September 17, 1885, Thaddeus Hanford being in possession executed to Frank Hanford a deed of the premises, conveying a title in fee. That deed was duly recorded on the 13th day of March, 1886.

Frank Hanford purchased the premises in good faith for a valuable consideration and without notice of a claim by any other person than his grantor. In making his purchase he relied, the bill alleges, upon the "express contract entered into between the Territory of Washington and the said Thaddeus Hanford, above set forth, by virtue of which said land was conveyed to said Thaddeus Hanford and title thereto confirmed in him by said Territory and the laws thereof then existing."

Immediately after his purchase the plaintiff entered into possession of and improved the premises, paying taxes, and also erecting a dwelling-house in which the property of his agent and employé were kept.

The bill then alleges: "That on the 26th day of July, 1887, the said Territory of Washington, by W. Finley Hall, its agent, presented the petition of the said W. Finley Hall to the probate court of King County, alleging the death of said Lumley Franklin above named; that he left no property in Washington Territory except real estate; that there were no general creditors; that said Franklin was a resident of Victoria, British Columbia, and that he died without the Territory of Washington, and prayed that letters of administration be granted to said W. Finley Hall upon the estate of said Lumley Franklin, but said W. Finley Hall was not of kin to said Lumley Franklin, neither was he a creditor of said Franklin, nor did he act in presenting said petition at the request of any one of kin to said Lumley Franklin or at the request of any of the creditors of said Lumley Franklin.

That on the 8th day of August said probate court assumed to appoint said W. Finley Hall administrator of said estate, and on the 26th day of said month he filed his inventory showing there were no debts against said estate, no personal assets, and that the said land constituted the sole assets of said estate. That thereafter, to wit, on the 26th day of March, 1888, the said Territory of Washington, by its agent and organ, the probate court of King County, in violation of the contract above mentioned, entered into between said Territory and Thaddeus Hanford, the grantor of your orator, ordered said land above described to be sold as the property of Lumley Franklin to pay a tax claimed by said Territory from said Lumley Franklin, and thereafter, in pursuance of said order, made a pretended sale of said land and caused to be executed a deed purporting to convey the same to the defendant Griffith Davies, in violation of the contract above set forth between the said Territory of Washington and the said Thaddeus Hanford and the obligation thereof, and in violation of article I, section 10, of the Constitution of the United States and of sections 1851 and 1891 of the Revised Statutes of the United States. That in all of his actions the said W. Finley Hall acted as the agent and instrument of said Territory of Washington, and in all of its proceedings the said probate court acted as the agent and organ of said Territory for the purpose of collecting said tax claimed by said Territory from said Lumley Franklin; that in all of its said proceedings the said probate court acted entirely without jurisdiction and without color of authority save as the agent and organ of said Territory, and said probate court and said W. Finley Hall as the agents and organs of said Territory were at the time of their said proceedings fully aware that said land had in good faith and for valuable consideration been sold by said Territory to said Thaddeus Hanford as the property of said Lumley Franklin for the non-payment of taxes thereon by said Lumley Franklin, and that upon the faith of said sale and the deed executed in pursuance thereof your orator had purchased said land in good faith for valuable consideration and without notice of any claim on the part

of said Territory or any person whomsoever from the said Thaddeus Hanford."

The sections of the Revised Statutes above referred to are as follows: "§ 1851. The legislative power of every Territory shall extend to all rightful subjects of legislation not inconsistent with the Constitution and laws of the United States. . . ." "§ 1891. The Constitution and all laws of the United States which are not locally inapplicable shall have the same force and effect within all the organized Territories, and in every Territory hereafter organized as elsewhere within the United States."

The deed executed in pursuance of the sale ordered by the probate court was taken in the name of the defendant Griffith Davies, but it was in fact for the benefit of himself and his co-defendants.

The defendants purchased at the sale ordered by the probate court and received the deed made to Griffith Davies with actual and constructive notice of the plaintiff's title, and of all the facts and circumstances connected therewith. Nevertheless, it is alleged, with the intent to create a cloud upon the plaintiff's title and to force him to buy off their adverse claim, they conspired together to make their said purchase, and in pursuance of that conspiracy bought in the land and procured a deed for it. Subsequently, February 25, 1881, they forcibly entered upon and maintained forcible possession of the land until the first day of April, 1891, at which time the premises were vacated and are not now in the actual possession of any one, except so far as the abandonment of possession by the defendants restores the prior possession of the plaintiff.

The bill alleges that the pretended deed of the defendants is of no validity in law or equity and is a cloud upon the title of the plaintiff, and that the defendants have no estate, right, title or interest in the lands or the possession thereof.

The relief asked is a decree that the defendants have no title, interest or estate in or about the land or any part thereof, and that the title of the plaintiff is good and valid; that the defendants and each of them be forever enjoined from assert-

ing any title or claim adverse to the plaintiff; that said administrator's deed may be declared invalid and the record thereof of no effect; and that the plaintiff have such other and further relief as the equity of the case may require.

*Mr. James B. Howe,* (with whom was *Mr. George Donworth* on the brief,) for appellant.

*Mr. James Hamilton Lewis, Mr. L. A. Stratton* and *Mr. L. C. Gilman* for appellees submitted on their brief.

MR. JUSTICE HARLAN, after stating the facts, delivered the opinion of the court.

As it appears from the bill that the plaintiffs and the defendants are all citizens of the State of Washington, the Circuit Court was without jurisdiction unless the suit was one arising under the Constitution or laws of the United States.

The bill proceeds upon the ground that the orders of the probate court, resulting in the sale of the lands in controversy as the property of Lumley Franklin, and in the conveyance of 1888 to the defendant Davies, impaired the obligation of the alleged contract with the Territory as evidenced by the deed of 1878 to Thaddeus Hanford. But it was not alleged in the bill that the proceedings in the probate court were had under any statute that was repugnant to the Constitution of the United States, or which was enacted after the sale and conveyance of these lands by the Territory to Thaddeus Hanford. The prohibition upon the passage of state laws impairing the obligation of contracts has reference only to the laws, that is, to the constitutional provisions or to the legislative enactments, of a State, and not to judicial decisions or the acts of state tribunals or officers under statutes in force at the time of the making of the contract the obligation of which is alleged to have been impaired. *Railroad Co.* v. *Rock,* 4 Wall. 177; *Lehigh Water Co.* v. *Easton,* 121 U. S. 388; *Wood* v. *Brady,* 150 U. S. 18; *Central Land Co.* v. *Laidley,* 159 U. S. 103. Therefore, even if it be assumed that the plaintiff had a contract with the Territory, and even if it were

further assumed that the constitutional provision in question applied to the legislative enactments of a Territory, the court below was without jurisdiction, so far as it depended upon the application of the clause of the Constitution protecting the obligation of contracts against impairment by state laws.

But it is contended that the proceedings in the probate court did not constitute due process of law, and for that reason this suit is one arising under the Constitution of the United States. No such thought was intended to be expressed in the bill, and it is apparent that no such proposition was presented to the Circuit Court when it determined the question of jurisdiction. The suggestion of the want of due process of law in the proceedings in the probate court, first distinctly appears in the assignment of errors filed in the court below long after the final decree was entered.

It is true the bill alleges that the probate court in all of its proceedings acted " entirely without jurisdiction and without color of authority save as the agent and organ of said Territory." But this allegation of want of jurisdiction in the probate court is too general and indefinite to show that its proceedings were wanting in due process of law. If the purpose was to present a case under the clause of the Constitution relating to due process of law, the grounds upon which the Federal court could take cognizance of a suit of that character between citizens of the same State should have been clearly and distinctly stated in the bill. It is well settled that, as the jurisdiction of a Circuit Court of the United States is limited in the sense that it has no other jurisdiction than that conferred by the Constitution and laws of the United States, the presumption is that a cause is without its jurisdiction unless the contrary affirmatively appears; and that it is not sufficient that jurisdiction may be inferred argumentatively from averments in the pleadings, but the averments should be positive. *Brown* v. *Keene*, 8 Pet. 112; *Grace* v. *American Central Ins. Co.*, 109 U. S. 278, 283, and authorities cited. These principles have been applied in cases where the jurisdiction of the Circuit Court was invoked upon the ground

of diverse citizenship. But they are equally applicable where its original jurisdiction of a suit between citizens of the same State is invoked upon the ground that the suit is one arising under the Constitution or laws of the United States. We are not required to say that it is essential to the maintenance of the jurisdiction of the Circuit Court of such a suit that the pleadings should refer, in words, to the particular clause of the Constitution relied on to sustain the claim of immunity in question, but only that the essential facts averred must show, not by inference or argumentatively, but clearly and distinctly, that the suit is one of which the Circuit Court is entitled to take cognizance. *Ansbro* v. *United States,* 159 U. S. 695.

Without expressing any opinion as to the effect of the proceedings in the probate court and the sale by the administrator Hall upon the rights acquired by the plaintiff under the tax sale at which Thaddeus Hanford purchased, we adjudge that the court below properly sustained the demurrer for want of jurisdiction, and, therefore, did not err in dismissing the bill.

*Judgment affirmed.*