## GIOIA v. CLYDE S. S. CO.

(District Court, E. D. New York. December 20, 1924.)

1. **Courts ⊂⇒344—Service of summons and complaint on defendant in another district invalid.**

Service of summons and amended complaint in an action under the federal Employers' Liability Act (Comp. St. §§ 8657–8665) in a federal district other than that in which suit is brought is invalid.

2. **Courts ⊂⇒344—Service on transportation agent of railroad within district held sufficient; state Practice Act not being applicable to federal District Court under Conformity Act.**

Service of summons and amended complaint on transportation agent of defendant railroad in district in which suit is brought *held* sufficient; Civil Practice Act N. Y. § 229, regulating service on agents of corporations within state, not being applicable, notwithstanding Conformity Act (Rev. St. U. S. § 914 [U. S. Comp. St. § 1537]), since the jurisdiction of the federal District Court extends only to the territorial limits of the district.

3. **Courts ⊂⇒279—Allegation that defendant was doing business within district indispensable to jurisdiction of federal District Court under federal Employers' Liability Act.**

Under Employers' Liability Act, § 6, as amended by Act April 5, 1910, § 1 (Comp. St. § 8662), an allegation that defendant was doing business within the district in which suit was brought is indispensable to the jurisdiction of the federal District Court.

· At Law. Action by Philip Gioia against the Clyde Steamship Company. On motion to vacate an order granting leave to serve a supplemental summons and amended complaint on the Central Railroad Company of New Jersey, and to set aside service thereunder. Motion granted, with leave to plaintiff to amend.

Charles E. Miller, of New York City, for Central R. Co. of New Jersey.

Herbert N. Warbasse, of Brooklyn, N. Y., for plaintiff.

Cleland R. Neal, of New York City (Henry V. Stebbins, of Piermont, N. Y., of counsel), for defendant.

GARVIN, District Judge. This is a motion for an order vacating an order heretofore made by this court, which granted leave to plaintiff to issue and serve a supplemental summons and amended complaint upon the Central Railroad Company of New Jersey, and setting aside the service of supplemental summons and amended complaint thereunder. It is claimed by said company:

(1) That plaintiff has failed to consent, within 10 days after the entry of such order, to the discontinuance of an action now pending in the New York Supreme Court, Kings County, brought by this plaintiff against the said railroad company.

(2) That service of said summons and amended complaint is invalid, because the same was made within the Southern district of New York, whereby no jurisdiction was acquired by this court.

(3) That an additional service of the summons and amended complaint upon James Morrison within this district was invalid, for the reason that he was not a person upon whom summons and complaint can be served under the provisions of section 229 of the Civil Practice Act of New York.

(4) That the amended complaint does not set forth facts showing a cause of action within the jurisdiction of this court, and therefore should be dismissed.

These contentions will be considered in their order.

1. It appears that plaintiff understood that the court intended to hold that the action in the state court should be discontinued only when this court had definitely decided that it had the power to assert jurisdiction over the said railroad company. That understanding was substantially correct, it not being the intention of the court to require the plaintiff to discontinue his action pending in the state court before this court had decided, so far as it could decide, that it had the right to assume jurisdiction over the railroad company as a defendant in this action.

[1] 2. The attempted service of process in the Southern district of New York upon any representative of the railroad company was invalid and cannot be sustained. The court understands that all parties acquiesce in this conclusion.

[2] 3. Proof is submitted that James Morrison has acted as a representative of the railroad company in this district, laying

out and offering to furnish transportation to and from other states, with full authority so to do. This is not controverted by the company. The telephone directory lists the railroad company as having various offices within this district (in one of which at least 20 clerks are employed); also it appears that freight yards are here maintained. From all of these facts the court can come to no other conclusion than that the company is transacting business within the Eastern district of New York.

It is claimed that service upon Morrison was not valid, for the reason that it was not made in accordance with the practice prevailing in the New York state courts. Section 229 of the Civil Practice Act of the state of New York determines the method of serving summons on foreign corporations. According to the act, service must be made as follows:

"1. To the president, vice president, treasurer, assistant treasurer, secretary or assistant secretary, or, if the corporation lack either of those officers, to the officer performing corresponding functions under another name.

"2. To a person designated for the purpose as provided in section sixteen of the General Corporation Law.

"3. If such a designation be not in force, or if neither the person designated, nor an officer specified in subdivision first of this section, can be found with due diligence, to the cashier, a director or a managing agent of the corporation, within the state.

"4. If the person designated as provided in section sixteen of the General Corporation Law dies or removes from the place where the corporation has its principal place of business within the state and the corporation does not within thirty days after such death or removal designate in like manner another person upon whom process against it may be served within the state, the summons, in an action against the corporation upon any liability incurred within this state, may be served, after such death or removal, and before another designation is made, upon the secretary of state."

This act must be applied to the practice in the federal court in this district so far as it is appropriate under the Conformity Act (section 914, U. S. R. S. [Comp. St. § 1537]). The Practice Act, however, provides a method by which the person designated as one upon which process is to be served may be served in any part of the state, throughout which the state Supreme Court has jurisdiction.

The jurisdiction of the District Court, however, extends only to the territorial limits of the district, so far as service of process is involved. Therefore the act cannot be said to be applicable, as the designation of a person outside the district, although within the state, would afford no method of effecting service. It has been held in this district, in the case of Rakauskas v. Erie R. R. Co., 237 F. 495, that service within the district upon a ticket agent is sufficient.

For the reasons given, and upon the authority of this case, I feel warranted in holding that the service is sufficient.

[3] 4. It appears that the suit was originally instituted in the New York Supreme Court, Kings County, against the Clyde Steamship Company; that the defendant removed it to this court; that after various motions an order was finally made on the application of plaintiff, directing that the said railroad company be made a party defendant. It further appears that the cause of action against the railroad company is claimed to be based upon the federal Employers' Liability Act of April 22, 1908, as amended April 5, 1910; that the railroad company is a corporation of the state of New Jersey and that the cause of action arose in the Southern district of New York.

Section 6 of said act, as amended (Comp. St. § 8662), provides: "Under this act an action may be brought in a Circuit Court of the United States, in the District of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action."

There is no allegation that the defendant was doing business in the Eastern district of New York at the time the suit was commenced. This omission is fatal. Grace et al. v. American Central Insurance Co., 109 U. S. 278, 3 S. Ct. 207, 27 L. Ed. 932; Hanford v. Davies, 163 U. S. 273, 16 S. Ct. 1051, 41 L. Ed. 157. It has been held by the Supreme Court (see Robertson v. Cease, 97 U. S. 646, 24 L. Ed. 1057; Railroad Co. v. Ramsey, 22 Wall. 322, 22 L. Ed. 823) that the jurisdictional facts may not necessarily appear in the pleadings, but must somewhere appear in the record. Those cases do not help the plaintiff, for in the case at bar the record consisted of such papers as could be considered by the court when the railroad company raised the question of jurisdiction. At that time there was nothing before the court to cure the defect which has been pointed out.

I have considered the case of Connelly v.

Central Railroad of New Jersey (D. C.) 238 F. 932, with the respect that should be accorded a decision of the District Court; but I regret that I cannot find it in harmony with my construction of the decisions of the Supreme Court to which reference has been made; furthermore, in the Connelly Case, there is nothing to indicate that the question of what constituted the record was raised by counsel and considered by the court.

It follows that the motion to dismiss must be granted, unless the plaintiff shall serve an amended complaint within 10 days after service upon his attorney of a copy of the order to be entered upon this decision, with notice of entry.