BURNET, Commissioner of Internal Revenue, v. WHITE EAGLE OIL & REFIN- ING CO.

No. 9203.

Circuit Court of Appeals, Eighth Circuit.
April 11, 1932.

Andrew D. Sharpe, Sp. Asst. to Atty. Gen. (G. A. Youngquist, Asst. Atty. Gen., Sewall Key and Helen R. Carloss, Sp. Assts. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and J. A. Lyons, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for petitioner.

James P. Kem, of Kansas City, Mo., for respondent.

Before STONE, KENYON, and GARD- NER, Circuit Judges.

KENYON, Circuit Judge.

Respondent, a Delaware corporation, is transferee of the assets of the White Eagle Petroleum Company, a Kansas corporation, herein designated as transferror, which had its principal place of business in that state up to the year 1919. The Commissioner of Internal Revenue determined a deficiency in income and profit taxes of that corporation for the period extending from January 1, 1919, to June 30, 1919, of $68,158.70. On December 31, 1926, the assessment of the deficiency was made. All the assets of transferor were acquired by respondent during the year 1919 by exchanging therefor shares of its capital stock. The return of transferor for the period in question was filed March 2, 1920, in the office of the col-

lector of internal revenue for the district of Kansas. The Commissioner asserted the liability for these taxes against respondent as transferee of the assets of transferor under section 280 of the Revenue Act of 1926 (26 USCA § 1069 and note), and on June 17, 1927, so notified it. Respondent instituted proceedings before the United States Board of Tax Appeals for a redetermination of the liability, and that Board determined that the proposed assessment was barred by the statute of limitations. Thereupon petition for review in this court was filed by the Commissioner.

Respondent challenges our jurisdiction and has filed a motion to dismiss the appeal, claiming that, under section 1002 (b) of the revenue Act of 1926 (26 USCA § 1225 (b) this court has no jurisdiction to review the action of the Board of Tax Appeals in this case.

The relevant portions of sections 1001, 1002, and 1003 of the Revenue Act of 1926 are as follows:

Section 1001 (a) of the act (26 USCA § 1224 (a): "(a) The decision of the board rendered after February 26, 1926 * * * may be reviewed by a Circuit Court of Appeals, or the Court of Appeals of the District of Columbia, as hereinafter provided. * * * "

Section 1002 (a, b) of the act (26 USCA § 1225 (a, b):

"Review; venue. Such decision may be reviewed—

"(a) In the case of an individual, by the Circuit Court of Appeals for the circuit whereof he is an inhabitant, or if not an inhabitant of any circuit, then by the Court of Appeals of the District of Columbia.

"(b) In the case of a person (other than an individual), except as provided in subdivision (c), by the Circuit Court of Appeals for the circuit in which is located the office of the collector to whom such person made the return, or in case such person made no return, then by the Court of Appeals of the District of Columbia."

Section 1003 (a) of the act (26 USCA § 1226 (a): "(a) The Circuit Courts of Appeals and the Court of Appeals of the District of Columbia shall have exclusive jurisdiction to review the decisions of the board * * * and the judgment of any such court shall be final, except that it shall be subject to review by the Supreme Court of the United States upon certiorari. * * * "

The term "person," as used in the Revenue Act of 1926 (44 Stat. 9, c. 27, § 2 (a) (1), 26 USCA § 1262 (a) (1), means a corporation as well as an individual.

The record does not show that either respondent or transferor filed a return for the period in question, or any other period, in the office of any collector of internal revenue in this circuit. The assessment against the transferor appears on the income tax assessment list of the Kansas collection district, and the certificate of assessments against transferor was issued by the collector of internal revenue for the district of Kansas. On the records in the office of the collector for the district of Kansas the address of transferor is given as Kansas City, Mo., and on the letters issued by the Commissioner of Internal Revenue the addresses of both transferor and transferee are given as Kansas City, Mo.

It is petitioner's theory that the place of filing the return of the transferor for 1919 has nothing to do with the venue of an appeal from a decision of the Board in a proceeding involving a transferee and that there are two alternatives under the statutes, under either of which this court has jurisdiction of the appeal: (1) That the venue of an appeal involving a transferee corporation is not specifically referred to in section 1002 (b), and, in the absence of such provision, appeal properly lies in the circuit where the transferee has its principal place of business, or (2) that section 1002 (b) does apply and the venue is dependent upon the place of filing of the transferee's return, and that the controlling transferee's return is the one for the year during which the Commissioner asserted the liability against it.

The review sought here is a method of appeal. Statutes creating the right of appeal govern as to venue or jurisdiction. There is no presumption to be indulged in favor of the jurisdiction of this court. Such must affirmatively appear. In re Smith, 94 U. S. 455, 24 L. Ed. 165; Grace et al. v. American Central Insurance Co., 109 U. S. 278, 3 S. Ct. 207, 27 L. Ed. 932; Hanford v. Davies, 163 U. S. 273, 16 S. Ct. 1051, 41 L. Ed. 157; Emlenton Refining Co. v. Chambers (C. C. A.) 14 F.(2d) 104.

If this appeal were from a proceeding against the transferor, there would be no question that the venue would be in the Circuit Court of Appeals for the circuit where transferor had filed its return, and, if no return had been filed, then the appeal would

be to the Court of Appeals of the District of Columbia.

Subdivision (b) of section 1002 does not refer specifically to a transferee, and, in considering the situation as to a transferee, section 280 of the act (26 USCA § 1069) must be referred to. It provides as follows:

"(a) The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, collected and paid in the same manner and subject to the same provisions and limitations as in the case of a deficiency in a tax imposed by this chapter (including the provisions in case of delinquency in payment after notice and demand, the provisions authorizing distraint and proceedings in court for collection, and the provisions prohibiting claims and suits for refunds).

"(1) The liability, at law or in equity, of a transferee of property of a taxpayer, in respect of the tax (including interest, additional amounts, and additions to the tax provided by law) imposed upon the taxpayer by this chapter or by any prior income, excess-profits, or War-Profits Tax Act."

Prior to the passage of this act such liability as is sought to be here established against the transferee could be enforced only by an action in equity or at law. This section makes it possible to enforce the collection of taxes against a transferee in the same manner as the same might be enforced against the transferor. Its purpose is to assess directly against the transferee any unpaid liability of the taxpayer. The first alternative urged by petitioner that section 1002 (b) does not cover the situation of a transferee, and that the principal place of business theory therefore as to where return should be made to the Collector, as provided for in section 241 (b) of Revenue Act of 1926, chapter 27, 44 Stat. 9, 47 (26 USCA § 992 (b), is controlling, is completely answered, we think, by the decision of the Supreme Court in Phillips et al., Executors, v. Commissioner of Internal Revenue, 283 U. S. 589, 592, 51 S. Ct. 608, 609, 75 L. Ed. 1289. There a corporation had been dissolved, and a deficiency tax was assessed against a former stockholder who had received a liquidating dividend. The Supreme Court said:

"Stockholders who have received the assets of a dissolved corporation may confessedly be compelled, in an appropriate proceeding, to discharge unpaid corporate taxes. Compare Pierce v. United States, 255 U. S. 398, 41 S. Ct. 365, 65 L. Ed. 697. Before the enactment of section 280 (a) (1), such payment by the stockholders could be enforced only by bill in equity or action at law. Section 280 (a) (1) provides that the liability of the transferee for such taxes may be enforced in the same manner as that of any delinquent taxpayer.

"The procedure prescribed for collection of the tax from a stockholder is thus the same as that now followed when payment is sought directly from the corporate taxpayer."

And the court referred to the jurisdiction of the Circuit Court of Appeals to review a decision of the Board of Tax Appeals in transferee cases as follows, pages 598, 599 of 283 U. S., 51 S. Ct. 608, 612: "A review by the Circuit Court of Appeals of an adverse determination may be had; and assessment and collection meanwhile may be stayed by giving a bond to secure payment. Act of February 26, 1926, c. 27, § 1001, 44 Stat. 9, 109 (26 USCA § 1224 and note); Act of May 29, 1928, c. 852, § 603, 45 Stat. 791, 873 (26 USCA § 1224). There may be a further review by this court on certiorari. These provisions amply protect the transferee against improper administrative action." Also pages 600, 601 of 283 U. S., 51 S. Ct. 608, 613: "Questions of fact involved in proceedings against transferees are no different or more complex than those often encountered in determining the direct liability of a taxpayer. The alternative judicial review provided is adequate in both cases."

The appeal from the decision of the Board of Tax Appeals is one of the alternative judicial reviews referred to by the Supreme Court in the Phillips Case. It would seem the Supreme Court was of the opinion that section 280 was constitutional because of the right of review under section 1001. Its holding is that the proceeding for collection of the tax from a transferee is the same as when payment is sought from the taxpayer, and that jurisdiction to review a decision of the Board of Tax Appeals as to a transferee is under section 1001. Petitioner in this case invokes the jurisdiction of the court under sections 1001, 1002, and 1003, supra, to review the decision of the Board of Tax Appeals, but contends in argument that section 1002 in part at least is not applicable.

■ The other alternative presented by petitioner is that section 1002 (b) does apply, but that venue is dependent upon the place

of filing of transferee's return. We are asked to hold that it is not a return of transferee for 1919, if such exists, that is to govern, but the return for the year in which the Commissioner asserts the liability, and, further, we are asked to find that transferee's principal place of business in 1927 when the letter concerning deficiency was mailed was in Kansas City, Mo., and then to add a presumption that transferee filed a return in the district where its principal place of business was and by this circuitous route of assumption and presumption arrive at the same result as would be brought about by a holding under the first alternative, viz., that section 1002 (b) does not apply, but that venue is to be determined with reference to transferee's principal place of business. We are unable to agree with this contention. The Board of Tax Appeals in this case was dealing with the question of transferee's liability for a tax assessed against transferor covering a portion of the year 1919. To hold transferee liable, it would have to find that transferor was liable for the tax, and, further, that respondent was such transferee as to make it liable under section 280, supra. Any assessment against transferee would be supplementary to the assessment against transferor. The Board was deciding questions raised under the claimed return of the transferor made to the collector of the district of Kansas. The transferee was the party affected and the contest was between it and the Commissioner.

Section 1002 (b) refers to "the return" and to "such person." It provides in case of a person other than an individual that the decision of the Board of Tax Appeals is to be reviewed by the Circuit Court of Appeals for the circuit in which is located the office of the collector to whom such person made the return.

Who is "such person," and what is "the return" referred to? Surely the return must be the one which is the basis of liability and the one covering the year for which the deficiency is asserted. In United States v. Updike et al., 281 U. S. 489, 494, 50 S. Ct. 367, 368, 74 L. Ed. 984, the court said: "The tax imposed upon the corporation is the basis of the liability, whether sought to be enforced directly against the corporation or by suit against its transferees." There is only one return involved in this case. In the brief on the merits of the case it is argued by petitioner that it was not such return as to start the running of the statute of limitations. If the alleged return was not in fact a legal return, then there could be no appellate jurisdiction in this court, but it would be in the Court of Appeals of the District of Columbia. In any event, even if the return does not conform strictly to the law, it is the only return filed, and it was filed in the office of the collector for the District of Kansas.

Petitioner under the second alternative is basing its claim as to the jurisdiction of this court upon a presumption that respondent filed a return in the Eighth Circuit after assuming from the fact of a post office address that the principal place of business of the transferee corporation is located in the state of Missouri. No attempt seems to have been made before the Commissioner or the Board of Tax Appeals to show where transferee filed a return for the period embracing the date on which the deficiency letter was addressed to transferee. We are not warranted in assuming in order to retain jurisdiction that it filed a return in the office of some collector in this circuit.

If the term "such person," as used in the statute, means the transferor (White Eagle Petroleum Company) which made the return, then jurisdiction is in the circuit where "such return" was made. If the term "such person" means the transferee, then no return was made, and jurisdiction is in the Court of Appeals of the District of Columbia. In either event, there is no jurisdiction in this court. That is all we are determining, and we are not attempting to decide where jurisdiction in fact lies.

Petitioner suggests a rule as to jurisdiction which he claims is more convenient to the taxpayer. Such suggestion is properly for the Congress. For this court to hold that the jurisdiction of an appeal in case of a transferee was in the circuit where transferee's principal place of business was would be judicial legislation, for Congress has not so said.

We have endeavored to find some theory under the statutes to sustain jurisdiction of the appeal in this court, as we are loath to dispose of this case on the motion to dismiss but it has been impossible for us to reach any other conclusion than that this court is without jurisdiction, and hence all we can do is to sustain the motion to dismiss the appeal. It is so ordered.

Dismissed.