KELLOGG CO. v. NATIONAL BISCUIT CO.

District Court, S. D. New York.

Oct. 3, 1932.

Crichton Clarke, of New York City, for plaintiff.

Cooper, Kerr & Dunham, of New York City, for defendant.

CAFFEY, District Judge.

Plaintiff is a Delaware corporation, and defendant is a New Jersey corporation. They are citizens of the states in which they are incorporated. They have their residences and domiciles, respectively, in those states. In re

Hudson River Nav. Corporation (C. C. A.) 59 F.(2d) 971, 972. If this be a suit for unfair competition, the jurisdiction is founded only on the fact that the action is "between citizens of different states." Judicial Code, § 24 (1) (b), 28 USCA § 41 (1) (b). Upon that proposition counsel are agreed. They are further in accord that if jurisdiction rests exclusively on diversity of citizenship, then, by force of section 51 (a) of the Judicial Code (28 USCA § 112 (a), the suit is maintainable of right only in Delaware or in New Jersey, as "the district of the residence of either the plaintiff or the defendant," and, over the objection now made by the defendant, cannot be maintained in this court. Camp v. Gress, 250 U. S. 308, 39 S. Ct. 478, 63 L. Ed. 997. The issue, therefore, is whether there is disclosed a sufficient basis for jurisdiction on some ground other than diversity of citizenship.

Section 16 of the Clayton Act (15 USCA § 26) authorizes a suit for "injunctive relief * * * against threatened loss or damage by a violation of the antitrust laws." The section permits such a suit to be brought "in any court of the United States having jurisdiction over the parties." Plaintiff says that the bill charges violation by defendant of the Sherman Anti-Trust Act (15 USCA §§ 1 and 2) and that an injunction is sought against "threatened loss or damage" by such violation. The sole reason urged for sustaining jurisdiction is that this is an injunction suit of the type prescribed by section 16 of the Clayton Act.

Section 4 of the Sherman Anti-Trust Act (15 USCA § 15 note) provides that a person "injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor in any district court of the United States in the district in which the defendant resides or is found or has an agent * * * and shall recover threefold the damages by him sustained," plus costs and an attorney's fee.

This is not an action for treble damages. Such an action is triable by a common-law jury, recovery of treble damages under section 4 cannot be had in an equity suit, and the sole relief which, pursuant to section 16 of the Clayton Act, can be awarded in an equity suit is an injunction. Decorative Stone Co. v. Building Trades Council (C. C. A.) 23 F.(2d) 426.

Plaintiff says, however, that section 4 of the Sherman Anti-Trust Act comprehends an injunction suit, brought in conformity with section 16 of the Clayton Act, and that as the present suit is for violation of the anti-trust laws, it follows that this court has jurisdiction of it.

It is not denied that the defendant was found and has an agent in this district. It will be assumed that section 4 of the Sherman Anti-Trust Act covers injunction suits, as well as treble damage actions. If that assumption be sound, then the section plainly vests jurisdiction in this court if the suit be for injury "in his [plaintiff's] business or property by reason of anything forbidden in the antitrust laws." Without inquiring whether the assumption is warranted, the determining question is whether in truth the suit is to enjoin such threatened injury.

It is manifest, I think, from mere reading the bill that its gravamen is the charge of, and that it only charges, unfair competition. Substantially all the allegations are directed to that end. It is not, in substance even, stated that there is "threatened loss or damage by a violation of the antitrust laws," nor is there a prayer for an injunction against such threatened loss or damage.

The only part of the bill to which plaintiff specifically calls attention, and upon which apparently plaintiff relies in argument, as foundation for the claim that the cause of action sued on is of the kind for which section 16 of the Clayton Act authorizes injunctive relief, is paragraph 12. That paragraph does refer to the Sherman Anti-Trust Act; but there is no averment therein of any threatened loss or damage to the plaintiff flowing from an infraction of the Sherman Anti-Trust Act. On the contrary, what is there dealt with is plainly the past. Cf. Continental Securities Co. v. Michigan Cent. R. Co. (C. C. A.) 16 F.(2d) 378.

Even if, however, liberal interpretation would permit what is stated in paragraph 12 to be regarded as designed to constitute complaint of threatened loss or damage through breach of the anti-trust laws, at best it is merely "collateral and incidental." Continental Securities Co. v. Michigan Cent. R. Co., supra (C. C. A.) at page 380 of 16 F. (2d). It hardly squints even toward the statement of a cause of action.

Elsewhere in the bill (outside of paragraph 12) there are scattered allegations of monopolization; but these may fairly be treated as relevant to the charge of unfair competition, and they fall far short of indicating an intention of the pleader to lay basis

for an injunction against threatened loss or damage from violation of the anti-trust laws.

That the conclusion at which I have arrived is correct is borne out by the suit being labeled in the caption as "for unfair competition"; also by the statement in paragraph 2 of the bill, pursuant to subdivision second of Equity Rule 25 (28 USCA § 723), that "the action is between citizens of different states for unfair competition and the amount involved, exclusive of interest and costs, exceeds the sum or value of three thousand dollars", as "the grounds upon which the court's jurisdiction depends." These averments negative any purpose merely to seek an injunction against threatened loss or damage through violation by the defendant of the anti-trust laws.

Again, the presumption is that a cause is without the jurisdiction of a federal court. We are concerned now with jurisdiction of the person, as distinguished from jurisdiction of the subject-matter. As sometimes put, we are dealing with venue. Nevertheless, I think the language in Hanford v. Davies, 163 U. S. 273, 279, 16 S. Ct. 1051, 1053, 41 L. Ed. 157, is pertinent. It was there said that the presumption against jurisdiction will prevail "unless the contrary affirmatively appears; * * * it is not sufficient that jurisdiction may be inferred argumentatively from averments in the pleadings, but the averments should be positive." Here the very slight indications (if any) in paragraph 12, and elsewhere in the bill, that plaintiff predicates the suit on conduct of the defendant condemned by the anti-trust laws, for which section 16 of the Clayton Act (15 USCA § 26) affords a remedy, seem to me to fall far below the minimum requirement to support jurisdiction.

I have endeavored to devise a method by which I could afford plaintiff opportunity, by amendment, to eliminate the extraneous matters in the bill and directly to aver, if so advised, that there is threatened loss or damage of the kind for which suit will lie on service in the way in which it has been made or attempted upon the defendant. The difficulty I have encountered, as I see it, is that, if jurisdiction has not already attached, the defendant is not in court and that, as solicitors have appeared specially only for the defendant, service upon them of an amended bill would be insufficient to bind the defendant or to enable the plaintiff to proceed further with the suit on the amended bill without again serving process on the defendant. Moreover, as I understand from counsel, defendant is regularly doing business in this district and can be easily served in a fresh suit.

Lastly, even though I were merely doubtful of jurisdiction it would be good administration to reject the suit and allow the question of jurisdiction to be settled by an appellate court decision before subjecting the parties to the large expense which would be inevitable if jurisdiction were now retained and the case were carried on to final decree.

Motion granted. Settle order on two days' notice.