**BORNE et al. v. JONES, Governor of Louisiana, et al.**

**Civil Action No. 787.**

District Court, E. D. Louisiana, New Orleans Division.

Jan. 11, 1944.

John J. Finnorn and A. S. Cain, both of New Orleans, La., for plaintiffs.

Eugene Stanley, Atty. Gen., of Louisiana, W. C. Perrault, Second Asst. Atty. Gen., and R. A. Dowling, of New Orleans, La., for defendants.

CAILLOUET, District Judge.

The three plaintiffs allege that both they and the defendants are all citizens and residents of the State of Louisiana.

Said plaintiffs sue to have the defendants compelled to return to them certain named items of their personal property, or ordered to pay them the alleged value of each of such items, and each plaintiff prays, additionally, for damages in the sum of $5,000 for other torts charged to have been committed against them by the defendants, alleged participants in a conspiracy.

Motions to dismiss plaintiffs' action for lack of jurisdiction in this Federal Court were duly filed, heard, and submitted; and were taken under advisement.

Each of two of said defendants-movers filed, under full reservation of the benefit of his first motion to dismiss, an additional motion to dismiss based upon the alleged failure of the complaint to state a claim against him, to be considered and acted upon by the Court only if the said first motion were denied.

It is well settled that the jurisdiction of United States District Courts is *limited*, in the sense that they enjoy no other jurisdiction than that conferred upon them by statute, under the Constitution of the United States. Such being the case, at the outset there exists the legal pre-

sumption that a cause is *without* the jurisdiction of this Court, unless the contrary affirmatively appears. Jurisdiction may not be inferred argumentatively from averments in the pleadings; the averments of jurisdiction should be positive. Upon the plaintiffs, therefore, rested the obligation of establishing, definitely, that jurisdiction to try the action filed does actually exist in this Court. Lovell, Trustee, v. Isidore Newman & Son et al., 1913, 227 U.S. 412, 33 S.Ct. 375, 378, 57 L.Ed. 577; Hanford v. Davies, 1896, 163 U.S. 273, 16 S.Ct. 1051, 1053, 41 L.Ed. 157; Grace v. American Central Ins. Co. of St. Louis, 1883, 109 U.S. 278, 3 S.Ct. 207, 210, 27 L.Ed. 932; Brown v. Keene, 1834, 33 U.S. 112, 8 Pet. 112, 8 L.Ed. 885.

The plaintiffs' sole positive averment relative to the Court's *claimed* jurisdiction is that their action "arises under the Constitution and laws of the United States."

Their complaint, however, in no manner makes out, on its face, a case involving, really and substantially, a controversy or dispute as to a claimed right, the sustaining or rejection of which will depend on what construction and effect the Court may give to the constitutional and statute provisions under which plaintiffs represent their action to "arise." Armstrong v. Alliance Trust Co., Ltd., et al., 5 Cir., 1942, 126 F.2d 164, 168; Gardner v. Schaffer, 8 Cir., 1941, 120 F.2d 840, 842; Gully v. First National Bank in Meridian, 1936, 299 U.S. 109, 57 S.Ct. 96, 97, 98, 81 L.Ed. 70; Bankers Mutual Casualty Co. v. Minneapolis, St. Paul & Sault Ste. Marie R. Co., 1904, 192 U.S. 371, 24 S.Ct. 325, 328, 48 L.Ed. 484; Defiance Water Co. v. City of Defiance et al., 1903, 191 U.S. 184, 24 S. Ct. 63, 66, 48 L.Ed. 140; City of New Orleans v. Benjamin et al. (on certificate from 5 Cir.), 1894, 153 U.S. 411, 14 S.Ct. 905, 909, 911, 38 L.Ed. 764; Starin v. City of New York, 1885, 115 U.S. 248, 6 S.Ct. 28, 31, 29 L.Ed. 388.

The Court, in disposing of the motions to dismiss for lack of jurisdiction, may consider nothing but what plaintiffs have themselves elected to represent as the claimed basis of jurisdiction, i. e. that their action "arises under the Constitution and laws of the United States"; *that* they alleged, but nothing more. They were required, however, to make it appear by the record "in legal and logical form, such as is required in good pleading" that their action "is one which does really and substantially involve a dispute or controversy as to a right which depends on the construction of the Constitution or some law or treaty of the United States, *before jurisdiction can be maintained*" on the ground that said action is one "arising under the Constitution or laws." (The writer's emphasizing.) Blackburn v. Portland Gold-Mining Co. et al., 1900, 175 U.S. 571, 20 S.Ct. 222, 44 L.Ed. 276; Shoshone Mining Co. v. Rutter et al., 1900, 177 U.S. 505, 20 S.Ct. 726, 44 L.Ed. 864.

The motions to dismiss for lack of jurisdiction are, therefore, maintained, and let the action be, and the same is, hereby dismissed.