**Josephine & Daniel BEGLEY, et al.**

v.

**PHILADELPHIA ELECTRIC CO.**

**Misc. No. 83–0194.**

United States District Court, E.D. Pennsylvania.

June 3, 1983.

Margaret A. Lenzi, Michael A. Donahue, Delaware County Legal Assistance Ass'n, Inc., Chester, Pa., for plaintiffs.

Charles W. Bowser, Kevin William Gibson, Philadelphia, Pa., for Philadelphia Elec. Co.

Alphonso Arnold, Jr., Pa. Public Utility Com'n, Harrisburg, Pa., for Public Utility Com'n.

## MEMORANDUM

LOUIS H. POLLAK, District Judge.

Just over a year ago, on May 28, 1982, Josephine and Daniel Begley filed in the Bankruptcy Court for this district a voluntary petition for relief pursuant to Chapter 7. *In re: Josephine and David Begley,* Bankruptcy No. 82–02461K. During the summer of 1982, problems arose with respect to the obligation of Philadelphia Electric Company (PECO) to maintain the Begleys' electric service—the Begleys having made a security deposit in June but being in arrears, according to PECO, as of September. In November, PECO gave notice of intention to discontinue service unless what PECO judged to be the overdue balance was promptly paid. To avoid suspension of service, the Begleys in November initiated in the Bankruptcy Court an additional proceeding—a law suit against PECO, the Pennsylvania Public Utility Commission (PUC), and numerous members and officials of the PUC. *In re: Josephine and Daniel Begley v. Philadelphia Electric Co.,* Adversary Proceeding No. 82–3102.

The theory of the law suit, which commenced with an application for a temporary restraining order preventing suspension of service, was that PECO could not unilaterally stop supplying the Begleys with electricity but was required to follow Pennsylvania's statutory procedures for resolution, under the aegis of the PUC, of disputes between consumers and utilities. PECO and PUC took the position that because the Begleys had filed under Chapter 7 their invocation of the PUC's protective processes was precluded.

From these modest beginnings there has flowered an incipiently complex proceeding. The Begleys, having won a temporary restraining order, amended their complaint to present their case as a class action on behalf of all PECO customers who have filed or will file under Chapter 7 and who may get into controversies with PECO about indebtedness for electric service accruing after Chapter 7 filings. Then followed a blizzard of motions to dismiss, for class certification and for summary judgment, etc. Finally, after numerous conferences, briefs and oral arguments, Judge King on April 13, 1983 entered the following Order:

AND NOW, this 14th day of April, 1983, upon review of the record in the above-captioned matter; and it appearing that this Court may not have jurisdiction over the matter in that the Order of the Honorable Alfred L. Luongo, Chief Judge of the United States District Court for this District, promulgating a Local Rule regarding the administration of Bankruptcy cases does not clearly vest this Court with jurisdiction over a class action proceeding; and it further appearing that the District Court is clearly vested with jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court being mindful that Federal Courts may only act where jurisdiction is clearly present, *see, Turner v. President, etc.,* 4 [U.S.] Dall. 8 [1 L.Ed. 718] (1799); *Hanford v. Davies,* 163 U.S. 273 [16 S.Ct. 1051, 41 L.Ed. 157] (1896); *Mansfield v. Swan,* 111 U.S. 379 [4 S.Ct. 510, 28 L.Ed. 462] (1884), it is

ORDERED that the Clerk of the United States Bankruptcy Court for the Eastern District of Pennsylvania transfer the record of the above-captioned adversary proceeding to the Clerk of the United States District Court for the Eastern District of Pennsylvania for appropriate action.

Plaintiffs filed an appeal to this court. At a conference in chambers, I requested the parties to brief the issues posed by Judge King's ruling—most especially his recital that the Rule entered, on behalf of this court, by Chief Judge Luongo, on December 21, 1982, "does not clearly vest [the Bankruptcy] Court with jurisdiction over a class action proceeding...."

The requested briefs have been submitted and they take various positions:

(1) Plaintiffs Josephine and Daniel Begley are of the view (a) that the Bankruptcy Court had power to entertain class action proceedings prior to *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* — U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) and that its power to utilize this remedial device has not been impaired by that decision, (b) that Judge King's Order is reviewable, but (c) "[u]nder the present circumstances, it would indeed be appropriate for this [court] to retain the entire case...."

(2) PECO contends that (a) "[i]n those instances wherein a class action proceeding does not involve questions of state law, a bankruptcy court is empowered ... to entertain class action litigation," and (b) "Judge King's Order should be interpreted to mean that he felt he was without jurisdiction over the instant class action in that the instant case involves questions of state law."

(3) PUC, contending that Judge King's Order is not appealable, characterizes the Order as "tantamount to an Order in Abstention. Abstention is urged as the most plausible view of the order because of the presence of the most vital elements of the doctrine. Abstention is appropriate where there is another court of competent jurisdiction available to adjudicate the rights of the parties. The doctrine is further appropriately invoked when the interests of justice require it, i.e., the availability of a [*Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*] challenge to a bankruptcy judge's order, but no such challenge available to a district court's order."

By its terms, the Order of this court filed by Chief Judge Luongo on December 21, 1982, is responsive to the lacunae in bankruptcy court jurisdiction announced by the Supreme Court in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.* The Order of December 21, 1982, refers all bankruptcy filings in this district to the Bankruptcy Judges, subject to the retained power of this court to withdraw any reference in whole or in part and to transfer back to the Bankruptcy Court part or all of such withdrawn litigation. Paragraph (c)(2).

The Order of December 21, 1982, mindful of the teachings of *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* distinguishes between "related proceedings" —"those civil proceedings that, in the absence of a petition in bankruptcy, could have been brought in a district court or a state court"—and other proceedings: "In related proceedings the bankruptcy judge may not enter a judgment or dispositive order, but shall submit findings, conclusions and a proposed order to the district judge, unless the parties to the proceeding consent to the entry of the judgment or order by the bankruptcy judge." Paragraph (d)(3)(B). But nothing in the Order of December 21, 1982, suggests that the class action device is one withheld from bankruptcy judges, whether in the conduct of "related proceedings" or in the conduct of other proceedings.

In short, the fact that plaintiffs had sought class action certification was not an impediment to disposition of the motions pending before Judge King at the time of his April 13 Order. Since Judge King has already heard argument on the motions, it would seem that the way to facilitate the expeditious progress of this litigation is to return this case to Judge King's docket, so that he may consider the motions freed of any doubts of his authority to entertain an application for class certification.[1] There-

---

1. Assuming that Judge King had authority to transfer this case to this court, there is no

question of this court's authority, pursuant to Paragraph (c)(2) of the Rule of December 21,

fore, in an accompanying Order, this case is referred back to Judge King.[2]

---

1982, to "refer the entire matter back to the bankruptcy judge with instructions specifying the powers and function that the bankruptcy judge may exercise." It is, therefore, unnecessary to consider whether Judge King's Order of April 13 was appealable to this court.

**2.** If Judge King concludes that this is, within the meaning of the Rule, a "related proceeding," he will not "enter a judgment or dispositive order" but will "submit findings, conclusions and a proposed order" to me, unless the parties assent to the entry by Judge King of a "judgment or [dispositive] order." Paragraph (d)(3)(B).