Thomas P. ATHRIDGE, Jr., Plaintiff,

v.

Honorable Donald J. QUIGG, et al., Defendants.

Civ. A. No. 86–2103.

United States District Court, District of Columbia.

Feb. 18, 1987.

Thomas P. Athridge, Jr., Bethesda, Md., for plaintiff.

Nathan Dodell, Asst. U.S. Atty., Washington, D.C., for defendants.

## MEMORANDUM OPINION

JOHN GARRETT PENN, District Judge.

Plaintiff, an attorney employed by the Federal Trade Commission, seeks registration to represent applicants before the Patent and Trademark Office (PTO) in preparation and prosecution of patent applications. Defendants declined to register plaintiff pursuant to 37 C.F.R. § 10.6(d). Plaintiff successfully passed the prerequisite exam and is otherwise competently and

ethically qualified. *See* 37 C.F.R. § 10.7. Although the parties raise numerous issues, the pivotal issue is whether defendants can deny registration based on plaintiff's status as a government employee. For the reasons elucidated in this memorandum, the Court determines that defendants' actions are arbitrary, capricious and contrary to law. Consequently, the agency action should be vacated and plaintiff's name should be placed on the registration list.

The parties are before the Court on plaintiff's motion for summary judgment and defendants' motion to affirm the decision of the commissioner.[1] In his petition to the agency, plaintiff requested that his name be placed on the register under the "inactive designation until such time as he terminates his federal employment." PTO Record, Exhibit 1 at 1. The relief sought in this Court is two-fold; (1) to invalidate 37 C.F.R. § 10.6(d), which excludes federal employees from registration but allows "inactive" designation for those who become federal employees *after* registration, and (2) to mandate that defendants place plaintiff's name on the registration list. Before enunciating the reasons behind the Court's decision to enjoin defendants' actions some preliminary concerns are addressed.

## I

The gravamen of the complaint is that government employees should not be precluded from registration when they have met the mandatory competency requirements. To the extent that defendants acted pursuant to Section 10.6(d) on this issue, the Court has authority to decide if the rule can stand. Section 10.6(d) also involves other matters which apply to government employees. Those who are registered and subsequently enter government employment will be endorsed as "inactive" on the register. 37 C.F.R. § 10.6(d). The plaintiff's complaint and motion for summary judgment refer to this portion of section 10.6(d) only in comparison to the treatment of applicants who, like plaintiff, seek registration *after* they are in the government. However, in his reply, plaintiff states that "there is no basis in law for this 'inactive' business conjured by the PTO".

It is uncontested that plaintiff submitted arguments, to the commissioner concerning a federal employee's preclusion from registration. PTO Record, Plaintiff's Exhibit 1. The Court unquestionably has jurisdiction to review the Commissioner's action. 35 U.S.C. § 32. What is not clear, based on the Court's reading of plaintiff's motion, is whether the matter of the defendants' authority to designate a registrant as "inactive" is in issue. Further, even if the Court considered the matter, which on its face simply places a label on the registrant, review at this time would be premature because it was not raised before defendants in the administrative record.

Finally, the Court notes that defendants do not articulate in the administrative record any reasonable justification to deny federal employees registration pursuant to 37 C.F.R. § 10.6(d). Therefore the Court need not look beyond the administrative record or decide whether to do so would be proper. Consequently, the constitutional and jurisdictional arguments will not be addressed at this time.

## II.

Defendants maintain that section 10.6(d) is justified because the conflict of interest laws preclude a government employee from practicing before the PTO. 18 U.S.C. §§ 203 and 205. Specifically, Congress determined that federal employees could not seek compensation for services in relation to a proceeding where the United States was a party or had a direct or substantial interest. The purpose in filing and prosecuting a patent application is to secure a statutory monopoly. The government involvement in granting and overseeing such rights places the United States in the posi-

---

1. The defendants argue that the appeal record is limited to the issues and evidence presented to the commissioner. The Court need not look beyond the record, for the reasons stated in this memorandum, and plaintiff's motion for summary judgment will be treated as a motion to reverse the judgment of the commissioner.

tion of a "party directly or indirectly interested", in the context of Sections 203 and 205. Plaintiff's Exhibit 2, Attorney General's Opinion, July 18, 1949.

The statute allows for waiver of the rules in certain situations such as when the federal employee represents parents, family members or fiduciaries. 18 U.S.C. § 205. The conflict of interest statutes were intended to secure the integrity of executive action against undue influence on the part of members of governmental branches and to promote high ethical standards of behavior. *United States v. Johnson*, 215 F.Supp. 300 (D.Md.1963), aff'd in part, vacated in part, 337 F.2d 180 (4th Cir.1964), aff'd 383 U.S. 169, 86 S.Ct. 749, 15 L.Ed.2d 681 (1966); 1962 U.S. Code Cong. & Ad. News 3852.

Apart from these conflict of interest laws, Congress delegated authority to the Commissioner of the Patent and Trademark Office to "prescribe regulations governing the recognition and conduct of agents, attorneys or other persons representing applicants or other parties before the PTO." Further, the Commissioner may require applicants to demonstrate that they are of "good moral character and reputation and are possessed of the necessary qualifications to render to applicants or other persons valuable service, advice and assistance in presentation or prosecution of their applications or other business before the office." 35 U.S.C. § 31.

The purpose of the regulations is to ensure adequate competency and ethical standards for those practicing before the PTO. The Supreme Court, in *Sperry v. State of Florida*, 373 U.S. 379, 83 S.Ct. 1322, 10 L.Ed. 428 (1963), outlined the Commissioner's authority to set such standards. The Court concluded that the Patent Office safeguards the public from unskilled and unethical practitioners "by testing applicants for registration, and by insisting on the maintenance of high standards of integrity." *Id.* at 1335.

The requirements for registration are set forth in 37 C.F.R. § 10.7. Subsection (a) states:

No individual will be registered to practice before the Office unless he or she shall ...

(2) Establish to the satisfaction of the Director that he or she is:

(i) Of good moral character and repute,

(ii) Possessed of the legal, scientific, and technical qualification necessary to enable him or her to render applicants for patents valuable service; and

(iii) Is otherwise competent to advise and assist applicants for patents in the presentation and prosecution of their applications before the Office.

Subsection (b) sets forth the procedures for taking the examination or requesting a waiver if the individual has actively served for four years in the patent examination corps. 37 C.F.R. § 10.7(b). The Courts, the Congress and the PTO, all appropriately emphasize technical and ethical qualifications as prerequisites to registration.

The plaintiff argues that section 10.6(d) unlawfully precludes a government employee from registration when he or she may have successfully complied with competency requirements set out in section 10.7. If an agent becomes a government employee *after* he or she has been registered, the registration is not rescinded. Instead, the name is endorsed as inactive on the registration list during the period of federal employment. In this latter situation a registrant will have to take the exam again if the inactive status continues for five or more years. Commissioner's Exhibit 4. Applicants in plaintiff's situation are allowed only one year grace time and if they remain in federal employment longer, they must pass the exam again.

Defendants assert that because plaintiff was *unable* to practice at the time he passed the exam he would not put his skills to use which presumably would affect his competency. The defendants claim that the underlying purpose for the rules is to assure "that practitioners are knowledgable and current with respect to the PTO practice in patent cases". PTO Record Exhibit 1 at 6. Although the Court agrees that this is an appropriate goal, section 10.6(d) is not a logical means to that end.

The requirements for registration, set out in section 10.7, reflect the standards for competent and ethical representation. It is clear that government employment by itself does not render a person unqualified.[2] Therefore, it would follow that if defendants were truly concerned about applicants remembering material or maintaining a working knowledge of PTO law, if they do not *practice*, then a rule directly focusing on this would be the appropriate remedy. No regulation exists which makes practice mandatory after registration or reviews generally the ongoing competency of patent agents. Further, those who are under inactive status are retested after five years where those in plaintiff's situation are allowed one year of inactivity. Although the Court is mindful that it must not substitute its own judgment for that of the commissioner's, where the reasoning underlying the action is not rational the decision must be reversed.

After carefully considering the arguments, the Court concludes that defendants acted arbitrarily and capriciously when they denied plaintiff registration solely because he was employed by the government. Insofar as section 10.6(d) denies qualified applicants *registration* the regulation does not rationally relate to justifiable considerations.[3] Defendants' decision should be reversed and plaintiff's name should be placed on the registration list with the appropriate status designation.

An appropriate order has been issued.

---

**2.** The Supreme Court stated in *Sperry* that there is no significant difference between lawyers and nonlawyers with respect to their ability to handle the work or with respect to their ethical conduct. *Sperry*, 83 S.Ct. at 1335. Such reasoning would undoubtably apply to a person's status as a government employee.

**3.** Because the Court need not decide the lawfulness of defendants' practice whereby a name is labeled inactive, that portion of section 10.6(d) is not affected by the ruling in this case.