**Thomas P. ATHRIDGE, Jr., Appellant,**

v.

**Donald J. QUIGG, Commissioner of Patents & Trademarks, et al.**

**No. 87–5164.**

United States Court of Appeals,
District of Columbia Circuit.

Aug. 2, 1988.

Thomas P. Athridge, pro se.

Nathan Dodell, Asst. U.S. Atty., with whom Michael J. Ryan, Asst. U.S. Atty., Dept. of Justice, for appellees.

Before ROBINSON and D.H. GINSBURG, Circuit Judges, and MacKINNON, Senior Circuit Judge.

Opinion for the Court filed PER CURIAM.

Dissenting opinion filed by Circuit Judge ROBINSON.

## ON MOTION TO TRANSFER

PER CURIAM:

Pursuant to authority granted by Congress, 35 U.S.C. § 31 (1982), the Commissioner of Patents and Trademarks has promulgated regulations governing practice before the Patent and Trademark Office. In order to become registered as a patent practitioner, an applicant must fulfill the requirements of 37 C.F.R. § 10.7 (1987), including filing the application and establishing that he or she is of good moral character and repute, and possessed of the necessary legal, scientific, and technical skills.

Appellant Athridge successfully navigated the requirements of section 10.7 only to founder on a disqualification set forth in 37 C.F.R. § 10.6 barring admission to most attorneys employed by the United States government.[1] Athridge has been employed as an attorney by the Federal Trade Commission for more than twenty years in a position in which his official duties do not "require the preparation and prosecution of applications for patent." Therefore, the Commissioner refused to place his name on the register as a patent practitioner.

Athridge unsuccessfully contested this disqualification before the Patent and Trademark Office, then filed suit in the United States District Court for the District of Columbia challenging section 10.-6(d) on constitutional grounds and seeking an order that he be placed on the register and a declaratory judgment that the regulation is invalid. Athridge cited as his jurisdictional bases 35 U.S.C. § 32 (granting power to the United States District Court for the District of Columbia to review a

1. *"Government employees.* Any officer or employee of the United States who is disqualified by statute (18 U.S.C. 203, 205) from practicing as an attorney or agent in proceedings or other matters before Government departments or agencies, may not be registered to practice before the Office. If any registered attorney or agent becomes an officer or employee of the United States who is disqualified by statute from practicing as an attorney or agent in proceedings and other matters before Government departments or agencies, his or her name shall be endorsed as inactive on the register during the period of any employment by the United States. An officer or employee of the United States whose official duties require the preparation and prosecution of applications for patent and who fulfills the requirements of this part may be registered to practice before the Office to the extent necessary to carry out his or her official duties. A written statement describing the official duties of the officer or employee and signed on behalf of the agency employing the officer or employee may be required by the Director." 37 C.F.R. § 10.6(d) (1987).

decision of the Commissioner suspending or excluding a person from practice before the Patent and Trademark Office) [2] and 28 U.S.C. §§ 1331, 2201, and 2202. The district court granted partial relief by ordering that Athridge be placed on the register with an "inactive" endorsement, and Athridge noted an appeal to this court.[3]

Pursuant to 28 U.S.C. § 1631 (1982), the Commissioner has filed a motion to transfer this appeal to the United States Court of Appeals for the Federal Circuit, relying on *Wyden v. Commissioner of Patents and Trademarks*, 807 F.2d 934 (Fed. Cir.1986), and *Jaskiewicz v. Mossinghoff*, 802 F.2d 532 (D.C.Cir.1986). In his opposition, Athridge argues that the issues in his case are distinguishable from the issues raised in *Wyden* and *Jaskiewicz;* therefore, those cases are not controlling and review of his constitutional challenges to the regulation properly lies in this court.

The Federal Courts Improvement Act of 1982, Pub.L. No. 97–164, 96 Stat. 25, grants to the United States Court of Appeals for the Federal Circuit *exclusive* jurisdiction over appeals where district court jurisdiction arises in whole or in part under federal laws relating to patents. 28 U.S.C. § 1295(a)(1) (1982). In *Jaskiewicz*, we held that

> an action for review of a decision of the Commissioner of the Patent and Trademark Office disciplining an attorney pursuant to 35 U.S.C. § 32 arises under an Act of Congress relating to patents. Therefore, jurisdiction in the District Court is based at least in part on 28 U.S.C. § 1338, and appellate review of

that court's decision is granted exclusively to the Federal Circuit by 28 U.S.C. § 1295(a).

*Jaskiewicz*, 802 F.2d at 536–37. "We can hardly imagine the Federal Circuit seeking 'to achieve uniformity in patent matters' without exclusive jurisdiction over appeals relating to who may practice before the Patent and Trademark Office." *Id.* at 534. The Federal Circuit reached a similar conclusion in *Wyden v. Commissioner of Patents and Trademarks*, 807 F.2d 934 (Fed. Cir.1986).

The distinctions cited by Athridge between his case and those of Jaskiewicz and Wyden do not require a different result. We hold that the Federal Circuit, not this court, has jurisdiction over this appeal, as it does over all appeals relating to practice before the Patent and Trademark Office. We find that it is in the interest of justice to transfer this appeal to the court with jurisdiction to entertain it. 28 U.S.C. § 1631. Accordingly, we order as directed below that this appeal be transferred to the United States Court of Appeals for the Federal Circuit.

*It is so ordered.*

### ORDER

Upon consideration of appellees' motion to transfer and appellant's opposition thereto, it is

ORDERED by the court that appellees' motion to transfer be granted for the reasons stated above, and it is further

---

**2.** "The Commissioner may, after notice and opportunity for a hearing, suspend or exclude, either generally or in any particular case, from further practice before the Patent and Trademark Office, any person, agent, or attorney shown to be incompetent or disreputable, or guilty of gross misconduct, or who does not comply with the regulations established under section 31 of this title, or who shall, by word, circular, letter, or advertising, with intent to defraud in any manner, deceive, mislead, or threaten any applicant or prospective applicant, or other person having immediate or prospective business before the Office. The reasons for any such suspension or exclusion shall be duly recorded. The United States District Court for the District of Columbia, under such conditions

and upon such proceedings as it by its rules determines, may review the action of the Commission upon the petition of the person so refused recognition or so suspended or excluded." 35 U.S.C. § 32 (1982).

**3.** In our opinion this appeal is not moot. The dissent reaches a contrary conclusion because the agency recently placed Athridge's name on the register without the "inactive" endorsement and instituted rulemaking proceedings to abolish section 10.6(d). That section, however, is still in effect as the proposed regulations have not been promulgated. *Cf. Kerr–McGee v. Hodel,* 840 F.2d 68, 71 (D.C.Cir.1988).

ORDERED, that this case be transferred to the United States Court of Appeals for the Federal Circuit.

The Clerk is directed to send a certified copy of this order and the original file to the United States Court of Appeals for the Federal Circuit, by certified mail, return receipt requested.

SPOTTSWOOD W. ROBINSON, III, Circuit Judge, dissenting:

Events subsequent to the District Court's decision[1] lead me to conclude that this case is moot. On that basis, resolution of the issue of jurisdiction to review that decision on the merits is inappropriate. I would vacate the District Court's judgment and remand the case to that court for dismissal of Athridge's action.

While the motion to transfer this appeal to the Federal Circuit was pending, the Commissioner informed us that he had directed placement of Athridge's name on the register without endorsement as "inactive."[2] The Commissioner also announced his intention to eliminate from Section 10.-6(d) of the rules of practice before the Patent and Trademark Office the requirement that a registered attorney who is a federal employee be designated as "inactive" during his or her period of service with the Government.[3] Additionally, a notice of proposed rulemaking to abolish completely Section 10.6(d) has been published,[4] and the changes anticipated would be radi-

cal. Federal employees otherwise qualified would be registered, whether or not their official duties extend to preparation and prosecution of patent applications, and designations of inactive status would be discontinued.[5]

It seems clear that Athridge has obtained all the relief he is entitled to demand, and accordingly that his case is now moot. Just four years ago, in *Doe v. Harris*,[6] we delineated the principles applicable:

First, the court must conclude "with assurance that 'there is no reasonable expectation' ... that the alleged violation will recur."[7] ... [I]n non-class actions ... the chance of recurrence must be evaluated with reference to the expectation that "the same complaining party [will] be subjected to the same action again."[8] Second, under the *Davis* formulation, it must be plain that "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation."[9]

Each of these requirements, I think, has been met.

Athridge asked the agency to list his name on the register with an "inactive" designation.[10] When, however, he came into the District Court, he sought more—invalidation of Section 10.6(d).[11] The court held that Athridge's name should be placed on the register, but with a designation of "inactive" status.[12] Althridge then object-

---

1. *Athridge v. Quigg*, 655 F.Supp. 779 (D.D.C. 1987).

2. Suggestion of Mootness, *Athridge v. Quigg*, No. 87–5164 (D.C.Cir.) (filed Oct. 27, 1987) at 2–3.

3. *Id.* at 3.

4. 53 Fed.Reg. 20,871 (1988).

5. *Id.*

6. 225 U.S.App.D.C. 27, 696 F.2d 109 (1982).

7. *Id.* at 29, 696 F.2d at 111 (quoting *County of Los Angeles v. Davis*, 440 U.S. 625, 631, 99 S.Ct. 1379, 1384, 59 L.Ed.2d 642, 649 (1979), in turn quoting *United States v. W.T. Grant Co.*, 345 U.S. 629, 633, 73 S.Ct. 894, 897, 97 L.Ed. 1303, 1309 (1953)).

8. *Id.*, 696 F.2d at 111 (quoting *Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S.Ct. 347, 348, 46 L.Ed.2d 350, 353 (1975)).

9. *Id.*, 696 F.2d at 111 (quoting *County of Los Angeles v. Davis*, *supra* note 7, 440 U.S. at 631, 99 S.Ct. at 1384, 59 L.Ed.2d at 649 (citations omitted)).

10. *Athridge v. Quigg*, *supra* note 1, 655 F.Supp. at 780.

11. *Id.* Were this done, Athridge would have been registered without notation of an "inactive" status.

12. *Id.* at 780–782. The court concluded that § 10.6(d) was arbitrary and thus invalid, to the extent that it barred registration of an otherwise qualified attorney in federal employment solely on the basis of that employment, but further ruled that the attorney could be registered and designated as "inactive." *Id.*

ed to that endorsement, and the Commissioner removed it. Indeed, the Commissioner is moving toward total abolition of the questioned rule, not only for Athridge, but for all federally employed attorneys. There is no foundation for any claim that the Commissioner will deviate from this course or will attempt to alter Athridge's registration as it now stands.[13] I am constrained to "believe that this aspect of the case has 'lost it character as a present, live controversy of the kind that must exist if [the Court is] to avoid advisory opinions on abstract propositions of law.' "[14]

The second condition of mootness is equally met; the Commissioner's decision has "completely and irrevocably eradicated the effects of the violation."[15] Athridge's bid for injunctive relief on his own behalf is plainly foreclosed by the action of the District Court in combination with that later taken by the Commissioner. To the extent that his claims appear to survive in the form of requests for injunctive relief on behalf of all federal attorneys, Athridge is barred because he did not institute his suit as a class action or seek class certification.[16] Similarly, Athridge's request for declaratory relief must fail for lack of a continuing governmental practice threatening injury to any interest he properly may litigate.[17] All circumstances considered, I would forego a determination of the jurisdictional question, and dispose of this appeal on grounds of mootness.[18]

13. See *County of Los Angeles v. Davis, supra* note 7, 440 U.S. at 632–633, 99 S.Ct. at 1384, 59 L.Ed.2d at 650; see also *DeFunis v. Odegaard,* 416 U.S. 312, 316–317, 94 S.Ct. 1704, 1706, 40 L.Ed.2d 164, 169 (1979) (accepting representation of law school officials that they would not seek to abrogate student's registration for final year, whatever the outcome of litigation).

14. *County of Los Angeles v. Davis, supra* note 7, 440 U.S. at 633, 99 S.Ct. at 1384, 59 L.Ed.2d at 650 (quoting *Hall v. Beals,* 396 U.S. 45, 48, 90 S.Ct. 200, 201–202, 24 L.Ed.2d 214, 218 (1969)).

15. See text *supra* at note 9.

16. *Sannon v. United States,* 631 F.2d 1247, 1251–1252 (5th Cir.1980).

17. See *Super Tire Eng'g Co. v. McCorkle,* 416 U.S. 115, 121–122, 94 S.Ct. 1694, 1698, 40 L.Ed.2d 1, 17–18 (1974); *Better Gov't Ass'n v. Department of State,* 250 U.S.App.D.C. 424, 429–430, 780 F.2d 86, 91–92 (1986).

18. Though I would not reach the jurisdictional question, I must voice my uneasiness about the uncritical manner in which the court has affixed the "patent" label to this case. I have serious reservations as to whether a claim that turns on an interpretation of 18 U.S.C. §§ 203, 205 (1982), which are conflict-of-interests provisions, is based in whole or in part upon 28 U.S.C. § 1338, which concerns federal jurisdiction over patent cases. See *Christianson v. Colt Indus. Operating Corp.,* — U.S. —, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988). Unlike the situations presented in *Jaskiewicz v. Mossinghoff,* 256 U.S.App.D.C. 1, 802 F.2d 532 (1986), and *Wyden v. Commissioner of Patents & Trademarks,* 807 F.2d 934 (Fed.Cir.1986), which clearly depended in part upon reading of substantive patent provisions, the right asserted in the case before us does not appear to be so readily capable of being "defeated by one construction, or sustained by the opposite construction of [the patent] laws." *Christianson v. Colt Indus. Operating Corp., supra,* — U.S. at —, 108 S.Ct. at 2173, 100 L.Ed.2d at 824. Delineation of the precise boundaries of § 1338 and the corresponding boundaries of 28 U.S.C. § 1295(a)(1) (jurisdiction of the federal circuit), is a complex and delicate endeavor that is ill-served by cursory treatment.