889 F.2d 1098
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Thomas P. ATHRIDGE, Jr., Plaintiff-Appellant,
v.
Donald J. QUIGG, Commissioner of Patents & Trademarks and
Donald W. Peterson, Deputy Commissioner of Patents
& Trademarks, Defendants-Appellees.
 No. 89-1477.
 United States Court of Appeals, Federal Circuit.
 Sept. 20, 1989.
 
 ON MOTION
 Before PAULINE NEWMAN, ARCHER and MICHEL, Circuit Judge.
 ORDER
 ARCHER, Circuit Judge.
 
 The following have been submitted:
 
 1
 (1) The Commissioner of Patents and Trademarks' motion to dismiss the appeal of Thomas P. Athridge, Jr. as moot;
 
 
 2
 (2) Athridge's opposition to the motion;
 
 
 3
 (3) Athridge's unopposed motion for leave to file a corrected opposition;
 
 
 4
 (4) The Commissioners' reply to Athridge's opposition; and
 
 
 5
 (5) Athridge's surreply to the Commissioner's reply.
 
 
 6
 Athridge, an attorney employed by the Federal Trade Commission, petitioned the Commissioner requesting that his name be placed on the register of attorneys and agents qualified to practice before the PTO in patent cases with an inactive designation until such time as he terminated his federal employment. The Commissioner denied the petition on the basis of 37 C.F.R. Sec. 10.6(d).*
 
 
 7
 Athridge sought review in the United States District Court for the District of Columbia requesting that he be granted active registration status, that PTO be barred from enforcing Sec. 10.6(d), and that the court enter a declaratory judgment that 10.6(d) is invalid and unconstitutional.
 
 
 8
 The district court determined that the Commissioner's actions in denying registration were arbitrary, capricious, and contrary to law and that Arthridge's name should be place on the PTO register with an inactive designation. The court limited the relief and issues to those in the administrative record and, thus, did not rule on the Sec. 10.6(d) issue. Athridge v. Quigg, 655 F.Supp. 779, 3 USPQ 1391 (D.D.C.1987).
 
 
 9
 The Commissioner and Athridge appealed and cross-appealed to the United States Court of Appeals for the District of Columbia Circuit. On the Commissioner's motion, his appeal was voluntarily dismissed.
 
 
 10
 The Commissioner subsequently moved to transfer Athridge's appeal to this court. While the motion to transfer was pending, the Commissioner, sua sponte, placed Athridge on the register with active status. The Commissioner also initiated rulemaking that proposed eliminating Sec. 10.6(d).
 
 
 11
 On August 2, 1988, the majority of a D.C.Circuit panel ordered the appeal transferred also determining, in its opinion, that the appeal was not moot because the proposed regulation eliminating Sec. 10.6(d) had not yet been promulgated.. Athridge v. Quigg, 852 F.2d 621, 7 USPQ 1577 (D.C.Cir.1988). On November 4, 1988, the new rule became effective, thereby allowing otherwise qualified government employees to have their names placed on the PTO register.
 
 
 12
 Here, the Commissioner moves to dismiss Athridge's appeal as moot on the ground that his name has been placed on the register and that Sec. 10.6(d) is no longer a rule. In response, Athridge argues that the declaratory judgment aspect of the case remains and that "voluntary cessation" when an appeal is pending does not necessarily moot a case. He relies on United States v. W.T. Grant Co., 345 U.S. 629, 632 (1953):
 
 
 13
 A controversy may remain to be settled in such circumstances ... e.g., a dispute over the legality of the challenged practices ... The defendant is free to return to his old ways. This, together with a public interest in having the legality of the practices settled militates against a mootness conclusion.
 
 
 14
 In its reply, the Commissioner argues that W.T.Grant requires a "cognizable danger of recurrent violation, something more than the mere possibility which serves to keep the case alive." W.T. Grant, 345 U.S. at 633.
 
 
 15
 We see no foundation for the claim that the PTO will revert to its "old ways." Here, Athridge has his name placed on the register, absent an "inactive" designation and the rule at issue has been rescinded. Further, Athridge's assertion that the district court erroneously failed to rule on his request for declaratory relief does not preclude dismissal of his appeal. Athridge has not shown the existence of an immediate and definite governmental action or practice that continues to affect a present interest. Super Tire Eng'g Co. v. McCorkle, 416 U.S. 115, 125-26 (1974).
 
 
 16
 Accordingly,
 
 IT IS ORDERED THAT:
 
 17
 (1) The Commissioner's motion to dismiss is granted.
 
 
 18
 (2) Athridge's motion for leave to file a corrected opposition is granted.
 
 
 
 *
 37 CFR 10.6 Registration of attorneys and agents
 (d) Government employees. Any officer or employee of the United States who is disqualified by statute (18 U.S.C. 203, 205) from practicing as an attorney or agent in proceedings or other matters before Government departments or agencies, may not be registered to practice before the Office.
 Under this provision Athridge was given, in effect, a year to resign federal employment or be forced to qualify again later.