**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 27 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LEGALFORCE RAPC WORLDWIDE, PC, | No. 25-4362 |
| Plaintiff - Appellant, | D.C. No. 2:24-cv-03437-JJT |
| and | |
| RAJ ABHYANKER, | MEMORANDUM* |
| Plaintiff, | |
| v. | |
| UNITED STATES PATENT AND TRADEMARK OFFICE; GINA RAIMONDO, U.S. Secretary of Commerce; KATHI VIDAL, Under Secretary of Commerce for Intellectual Property and Director, United States Patent and Trademark Office, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Submitted May 20, 2026**

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Phoenix, Arizona

Before: BERZON, M. SMITH, and HURWITZ, Circuit Judges.

Plaintiff-Appellant LegalForce RAPC Worldwide, P.C. (LegalForce) challenges (1) an order from the District of Arizona transferring this action to the Eastern District of Virginia and (2) an order from the Eastern District of Virginia granting LegalForce's request to voluntarily dismiss its claims challenging the constitutionality of the United States Patent and Trademark Office (USPTO) attorney disciplinary system. Because we lack jurisdiction, we dismiss the appeal.

1. Congress vested this court with jurisdiction over "final decisions of the district courts." 28 U.S.C. § 1291. "Orders granting . . . a motion to transfer venue under § 1404(a) are interlocutory in nature and are not appealable prior to final judgment." *Mont. Wildlife Fed'n v. Haaland*, 127 F.4th 1, 32 (9th Cir. 2025) (internal quotation marks omitted). Before entry of final judgment, parties may only seek to block the transfer through a writ of mandamus, *see In re Bozic*, 888 F.3d 1048, 1052 (9th Cir. 2018), or "move in the transferee court to retransfer the action to the transferor court," *Posnanski v. Gibney*, 421 F.3d 977, 980 (9th Cir. 2005). LegalForce is familiar with the first method, as it unsuccessfully sought a writ of mandamus in this Court following the District of Arizona's transfer order. Order, Dkt. 7, *LegalForce RAPC Worldwide P.C. v. U.S. District Court for the District of Arizona*, No. 25-3526 (9th Cir. June 17, 2025). LegalForce has not asked the Eastern

District of Virginia to retransfer the case to the District of Arizona.

LegalForce admits that the transfer order is not itself appealable. Nonetheless, LegalForce asserts that we have jurisdiction to review that order because the Eastern District of Virginia has entered a supposedly final order of dismissal. We cannot credit this innovative theory of jurisdiction.

2. It is not clear whether LegalForce's voluntary dismissal in the Eastern District of Virgina constitutes a "final decision" such that a court of appeals may exercise jurisdiction under 28 U.S.C. § 1291. But assuming that dismissal was sufficiently "final," 28 U.S.C. § 1291 would not provide authority over the appeal in the Ninth Circuit. Congress has vested review of final district court orders in "the court of appeals for the circuit embracing the district," 28 U.S.C. § 1294, and Virginia's district courts are part of the Fourth Circuit, 28 U.S.C. § 41. While the Federal Circuit might also be an appropriate appellate court for reviewing the Eastern District of Virginia dismissal order, *see Franchi v. Manbeck*, 972 F.2d 1283, 1287 (Fed. Cir. 1992) (*citing Jaskiewicz v. Mossinghoff*, 802 F.2d 532, 536–37 (D.C. Cir. 1986)), the Ninth Circuit is not.

**DISMISSED** for lack of jurisdiction.[1]

---

[1] Appellant's motion for judicial notice, Dkt. 11, is **GRANTED**.