Joan **RUBIN** and Irwin Rubin

v.

The **BALTIMORE AND OHIO RAIL-ROAD COMPANY.**

Civ. A. No. 71–196.

United States District Court, E. D. Pennsylvania.

March 12, 1971.

---

Theodore J. Segal, Philadelphia, Pa., for plaintiffs.

John A. Shrader, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

DITTER, Judge.

In this matter, suit was originally started in a state court. It was then removed to this court on defendant's motion. Plaintiffs now challenge the removal for procedural and substantive reasons.

Plaintiffs instituted suit in the Court of Common Pleas of Philadelphia County. Service of the complaint was made on the defendant on December 28, 1970. A petition for removal was filed with the Clerk of this Court on January 25, 1971, twenty-eight days later. Plaintiffs subsequently filed the present motion to remand alleging that the petition for removal was not timely filed and that diversity of citizenship is lacking.

▇ Plaintiffs' first contention can be disposed of summarily. A petition for removal of a civil action must be filed within thirty days after the receipt by the defendant of a copy of the initial pleading: 28 U.S.C.A. § 1346, and defendant acted within the permitted time.

Plaintiffs' second allegation addresses itself to a lack of diversity of citizenship. Paragraph 1b of plaintiffs' motion to remand states:

Defendant, although a corporation, incorporated under the laws of the State of Maryland with a principal place of business in the State of Maryland, has a registered office in the City and County of Philadelphia, Commonwealth of Pennsylvania listed as the Real Estate Trust Building, Broad and Chestnut Streets, Room 508, Philadelphia, Pennsylvania, and it has so registered that office since June 3, 1912. Defendant also maintains an office at The Reading Terminal Building, 12th and Market Streets, Philadelphia, Pennsylvania.

Defendant has filed an answer to plaintiffs' motion to remand which includes an affidavit made by Daniel Lang, a senior district claim agent of the Baltimore and Ohio Railroad Company. That affidavit states that the Baltimore and Ohio Railroad Company is a corporation organized and existing under the laws of the State of Maryland and that defendant's principal place of business is located at 2 North Charles Street, Baltimore, Maryland. No counter affidavit has been presented by plaintiffs.

▇▇ The mere fact that defendant may have a registered office within the Commonwealth of Pennsylvania is not sufficient to deny that diversity of citizenship exists. A corporation is deemed a citizen of any state by which it has been incorporated and of the state in which it has its principal place of business. Plaintiffs in their motion have made no allegation that defendant's principal place of business is within the Commonwealth of Pennsylvania: 28 U. S.C.A. § 1332(c).

Title 28 U.S.C. § 1441(a) establishes an absolute right to remove from state to federal courts any civil action " * * * of which the district courts of the United States have original juris-

diction * * * ." Block Pontiac, Inc. v. Candando, 274 F.Supp. 1014, 1019 (E.D.Pa.1967). Since the action could have been brought in this court initially, the petition for remand must be dismissed.