Robert E. **RANDAZZO**

v.

**EAGLE–PICHER INDUSTRIES,
INC., et al.**

Civ.A. No. 87–5932.

United States District Court,
E.D. Pennsylvania.

Oct. 28, 1987.

## MEMORANDUM

JOSEPH LORD, III, Senior District Judge.

This is an asbestos case. The complaint incorporates by reference the master long form complaint filed in *In re Asbestos Litigation*, No. 86–0457. In a written order dismissing the complaint I pointed out that the complaint failed to allege either the state of incorporation or the principal place of business of defendant Bevco Industries (¶ 34) or the principal place of business of defendant C.E. Refractories (¶ 49). The complaint therefore failed to show complete diversity and was jurisdictionally deficient. Plaintiff was granted ten days to file an amended complaint.

Plaintiff's counsel, apparently laboring under the impression that I am not dealing with a full deck and that my knowledge of diversity requirements is about equal to that of a low-grade moron, chose to disregard the directional signals posted in my

memorandum. Counsel brazenly, discourteously, defiantly, arrogantly, insultingly and under the circumstances rather obtusely threw back into my face the very allegations I had held insufficient by reiterating and incorporating those same crippled paragraphs. The so-called "amended complaint" itself cheekily informs me that these paragraphs allege the states of incorporation *or* (emphasis added) principal places of business of the defendant corporations. Of course, any law school student knows that both the state of incorporation and principal place of business must be diverse, but I suppose I can hardly expect any more from counsel whose familiarity with Title 28 U.S.C. § 1332 could be no more than a friendly wave from a distance visible only through a powerful telescope.

■ In view of counsel's demonstrated ignorance of diversity requirements, I think it may be profitable to set forth the rules of the game. Every plaintiff bears the burden of alleging in his pleading "a short and plain statement of the grounds upon which the court's jurisdiction depends." Fed.R.Civ.Pro. 8(a)(1). It is well established that "a plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction; and if he does not do so, the court, on having the defect called to its attention or on discovering the same, *must* dismiss the case, unless the defect be corrected by amendment." *Smith v. McCullough*, 270 U.S. 456, 459, 46 S.Ct. 338, 339, 70 L.Ed. 682 (1926) (emphasis added). For purposes of the diversity statute, "a corporation shall be deemed a citizen of any state by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c). Courts have consistently interpreted § 1332(c) to mean exactly what it says: a party must allege a corporation's state of incorporation *and* principal place of business. *See, e.g., Joiner v. Diamond M Drilling Co.*, 677 F.2d 1035 (5th Cir.1982); *Moore v. Sylvania Electric Products, Inc.*, 454 F.2d 81, 84 n. 1 (3d Cir.1972). The requirements of § 1332 and Rule 8 "are straightforward and the law demands strict adherence to

them." *Nadler v. American Motors Sales Corp.*, 764 F.2d 409, 413 (5th Cir.1985).

■ The master complaint alleges that defendant C.E. Refractories "is a corporation organized and existing under the laws of the State of Delaware with a registered office situate [sic] at 123 S. Broad Street, Philadelphia, Pennsylvania...." The allegation that defendant has a "registered office" in Pennsylvania is not equivalent to an allegation that defendant's principal place of business is in Pennsylvania. *Rubin v. Baltimore and Ohio Railroad Co.*, 324 F.Supp. 204 (E.D.Pa.1971). Because the complaint fails to properly allege the principal place of business, I have no jurisdiction over this defendant and the complaint will be dismissed as to it.

■ Similarly, the master complaint alleges that defendant Bevco Industries "is a corporation duly organized to do business within the Commonwealth of Pennsylvania ... and is domiciled in the Commonwealth of Pennsylvania." The reference to domicile may mean that defendant is incorporated in Pennsylvania but I have no way of knowing that. Again, plaintiff has simply failed to allege the principal place of business of defendant or its state of incorporation. Section 1332 makes clear that corporations have dual citizenship, and plaintiff "does not have a choice of alleging only one of the corporation's citizenships." J. Moore, *Moore's Federal Practice* ¶ 0.77[2.–1] at 717.40. Therefore, the complaint will be dismissed as to this defendant.

■ It is important to state why I take the apparently harsh step of dismissal with prejudice. Adequately pleading the jurisdictional requirements is not an exercise in mindless formalism. "Subsection (c) of § 1332 was adopted in 1958 by Congress as part of legislation designed to reduce the caseload of the Federal courts." *Chick Kam Choo v. Exxon Corp.*, 764 F.2d 1148, 1152 (5th Cir.1985). It is axiomatic that "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress

pursuant thereto. *See, e.g., Marbury v. Madison,* 1 Cranch (5 U.S.) 137, 173–180, 2 L.Ed. 60 (1803)." *Bender v. Williamsport Area School Dist.,* 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986). To rebut the presumption that a Federal court lacks jurisdiction over a particular case the facts that establish jurisdiction must be affirmatively alleged. *Smith, supra; Hanford v. Davies,* 163 U.S. 273, 16 S.Ct. 1051, 41 L.Ed. 157 (1896); *Bingham v. Cabot,* 3 U.S. (3 Dall.) 382, 1 L.Ed. 646 (1798). These jurisdictional principles are fundamental. That is why I have an obligation to notice want of jurisdiction *mea sponte. Cameron v. Hodges,* 127 U.S. 322, 8 S.Ct. 1154, 32 L.Ed. 132 (1888). *See* Fed.R.Civ.Pro. 12(h)(3). In the context of our federal system, to consider a case not properly within the jurisdiction of the Federal courts is not "simply wrong but indeed an unconstitutional invasion of the powers reserved to the states." *See, e.g.,* 13 C. Wright, A. Miller & E. Cooper, *Jurisdiction* § 3522 (1983).

Plaintiff's counsel was given ample opportunity to amend the complaint. The language of § 1332 could not be more clear. It would have taken counsel only moments to set forth the allegations that the diversity statute so plainly requires. I fail to understand why, after having the deficiencies of the complaint explicitly identified in a written order, counsel insisted on resubmitting the exact same complaint. I understand that the asbestos bar has a heavy caseload, and applaud steps, such as the master complaint, taken to ease the administrative burden asbestos cases place upon both bench and bar. However, a heavy caseload can neither excuse faulty pleadings nor justify the retention of jurisdiction beyond that permitted by statute.

An appropriate order follows.