**Velma PERKINS, Plaintiff,**

v.

**The HALEX COMPANY DIVISION OF SCOTT FETZER, et al., Defendants.**

**No. 090–895.**

United States District Court, N.D. Ohio, E.D.

Aug. 3, 1990.

---

Daniel T. Todt, Daniel T. Todt & Assoc., Cleveland, Ohio, for plaintiff.

Martin S. List, Frank W. Buck, Duvin Cahn & Barnard, Cleveland, Ohio, for Halex Co.

Stephen J. Hopp, Jacobson, Maynard, Tuschman & Kalur, Cleveland, Ohio, for Kaufman.

## MEMORANDUM AND ORDER

BATTISTI, District Judge.

█ This employment discrimination case, removed under the ever problematic language of 28 U.S.C. § 1441(c) [separate and independent claims]—*see Notice of Removal* at 2, ¶ 3, raises a thorny jurisdictional problem. Pursuant to 28 U.S.C.

§ 1447(c) and Rule 12(h)(3), the Court, *sua sponte*, examines *the statutory basis for removal.* In light of *Finley v. U.S.*, 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989) (the death knell for *pendent-party* jurisdiction) and its subsequent application in *Stallworth v. City of Cleveland*, 893 F.2d 830 (6th Cir.1990), pursuant to 28 U.S.C. § 1447(c) this case must be RE-MANDED to the Court of Common Pleas, Cuyahoga County.

### A. Facts

On April 18, 1990, Plaintiff Velma Perkins ("Perkins"), a black female—Complaint at ¶¶ 3, 5, filed a Complaint in the Court of Common Pleas, Case No. 90–188211–CV, against Defendant The Halex/Scott Fetzer Company[1] ("Halex") alleging, *inter alia*, claims under Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e *et seq.*, and against Defendant Richard S. Kaufman, M.D. ("Dr. Kaufman"), alleging various state law claims. The claims surround the discharge of Perkins from her employment at Halex. On May 17, 1990, Halex and Dr. Kaufman jointly removed this action to this Court pursuant to 28 U.S.C. § 1441(c). *Notice of Removal* at ¶ 3. Dispositive to the jurisdictional inquiry are: 1) the federal claim asserted solely against Halex under Title VII and the state law claims asserted against Halex; and 2) the purely state law claims asserted against Dr. Kaufman.[2]

### B. Statutory Removal

█ Since federal courts are courts of limited, as opposed to general jurisdiction— *Gross v. Hougland*, 712 F.2d 1034, 1036 (6th Cir.1983) (Celebreeze, J.), *cert. denied*, 465 U.S. 1025, 104 S.Ct. 1281, 79 L.Ed.2d 684 (1984), the asserted basis for subject

---

**1.** In the Petition for Removal, Halex states that it has been improperly designated.

**2.** In the Complaint, the First Claim for Relief, reads:

¶ 25 **Because of the actions of Halex,** and a proximate cause thereof, Plaintiff has been and continues to be denied equal employment opportunity in violation of Title VII of the Civil Rights Act of 1964, and the Equal Employment Opportunity Act of 1972.

The Complaint raises two types of "pendent jurisdiction" as to the Defendants. First, there are *pendent claims—state law claims* asserted against Halex, such as violations of Ohio civil rights laws, tortious interference with contractual rights and intentional and or negligent infliction of emotional distress—¶¶ 2, 25–27, which, *arguendo*, are pendent to the federal Title VII claim; second, there are *pendent-party claims* against Dr. Kaufman, such as malpractice and infliction of emotional distress—¶¶ 26[sic], 27.

matter jurisdiction must be affirmatively established by the party invoking federal jurisdiction. *McNutt v. General Motors Acceptance Corp. of Indiana,* 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936). Federal courts must carefully scrutinize the proffered basis for jurisdiction; the inquiry is, in essence, one of federalism and comity:

> [D]ue regard for the constitutional allocation of powers between the state and federal systems requires a federal court to confine itself to the jurisdiction conferred on it by Congress and permitted by the Constitution.

*Gross v. Hougland, supra,* at 1036 (quoting *In re Carter,* 618 F.2d 1093, 1098 (5th Cir.1980)).

As a means towards protecting the "constitutional allocation of powers between the state and federal systems," there is a rebuttable presumption that a federal court lacks subject matter jurisdiction. *Randazzo v. Eagle Picher,* 117 F.R.D. 557, 559 (E.D.Pa.1987) (Lord, J.) (citing *Smith v. McCullough,* 270 U.S. 456, 459, 46 S.Ct. 338, 339, 70 L.Ed. 682 (1926)); 13 C. Wright, A. Miller, & E. Cooper, *Federal Practice & Procedure* § 3522 at 61–63 (1984). Whether the case is directly commenced in federal court, or statutorily removed, the party seeking to invoke federal jurisdiction bears the burden of rebutting the presumption against federal jurisdiction. *McNutt, supra,* at 189, 56 S.Ct. at 785, 80 L.Ed. 1135 (1936); *Thornton v. Allstate Insurance Co.,* 492 F.Supp. 645, 647 (E.D.Mich.1980); Fed.R.Civ.P. 8(a)(1).

Under the well-pleaded Complaint rule, original jurisdiction must appear on the face of the Complaint well-pleaded. *Oklahoma Tax Commission v. Graham,* 489 U.S. 838, ——, 109 S.Ct. 1519, 1521, 103 L.Ed.2d 924, 928–29 (1989); *Louisville &*

*Nashville R. Co. v. Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908). The right of a defendant or defendants to remove rests entirely by statutory provision, such provisions are strictly construed, and all doubts are resolved against removal.[3] *Shamrock Oil & Gas v. Sheets,* 313 U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941); 14A C. Wright, A. Miller, & E. Cooper, *Federal Jurisdiction & Procedure* § 3721 at 215–217 (2d ed. 1985).

In the case *sub judice,* the asserted basis for removal jurisdiction is 28 U.S.C. § 1441(c), which provides:

> (c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or in its discretion, may remand all matters not otherwise within its original jurisdiction.

In *American Fire & Casualty Insurance Co. v. Finn,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951), the Supreme Court construed § 1441(c), as amended in 1948, as providing a removal standard additional to § 1441(a), but adopted a strict view of the terms "separate and independent." *Finn* held that "where there is a single wrong to [the] plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." 341 U.S. at 14, 71 S.Ct. at 540. Other Circuits have refined the *Finn* test: *Union Planters National Bank of Memphis v. CBS, Inc.,* 557 F.2d 84, 89, 90 n. 3 (6th Cir.1977) ("The word 'separate' means distinct; apart from; not united or associated. The word 'independent' means not resting on something else for support; self-

---

**3.** This policy of strict construction avoids the potential waste of judicial resources:

> [I]t minimizes the chance of reversible error in determining removability. When removal is not warranted and the federal court is without subject matter jurisdiction of the case, any judgment rendered must be set aside on direct attack and the case remanded to the state court for retrial unless the jurisdictional de-

fect can be remedied. On the other hand, if the district court remands an action to a state court, in which it was originally properly brought, the remand is to a court with jurisdiction over the case, and its subsequent proceedings have validity which will be unaffected by an error in the remand order.

1A J. Moore & B. Ringle, *Moore's Federal Practice* ¶ 0.157 [1.–3] at 41 (2d ed. 1989).

sustaining; not contingent or conditioned." (citing *Snow v. Powell*, 189 F.2d 172, 174 (10th Cir.1951)); *Moore v. United Services*, 819 F.2d 101, 103 (5th Cir.1987) (A "claim is not separate and independent if it is contingent on the other claim.")

## C. "Pendent" vs. "Separate and Independent"

Under *Finn* and its progeny, separate and independent claims differ from pendent claims—which derive from "a common nucleus of operative fact." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); 14A C. Wright, A. Miller, & E. Cooper, *Federal Practice & Procedure* § 3724 at 399–400 (Under 28 U.S.C. § 1441(b) "federal courts can exercise pendent claim jurisdiction over a jurisdictionally insufficient nonfederal claim that is so closely related to a federal question"). There may be a middle ground of claims "too distant to be pendent, too close to be 'separate and independent.'" *Charles D. Bonanno Linen Service, Inc. v. McCarthy*, 708 F.2d 1, 9 (1st Cir.) (Breyer, J.), *cert. denied*, 464 U.S. 936, 104 S.Ct. 346, 78 L.Ed.2d 312 (1983); *Allor v. Amicon Corp.*, 631 F.Supp. 326, 334 (E.D.Mich.1986).

 Some additional differences between pendent jurisdiction and the removal statute, 28 U.S.C. § 1441(c) are worth noting. Pendent jurisdiction, enunciated in *Gibbs*,[4] recognizes that under Article III, there is a broad judicial *power* to hear an entire constitutional "case" involving federal and closely related state claims. In exercising the discretionary power, trial courts should look to "considerations of judicial economy, convenience and fairness to litigants" and should avoid needless decisions of state law. *Gibbs*, 383 U.S. at 726, 86 S.Ct. at 1139. The removal statute, 28 U.S.C. § 1441(c), enacted by Congress, is an affirmative grant of federal jurisdiction. Its legislative history shows that Congress

meant to curtail removal—*see American Fire & Casualty Insurance Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). It too has an element of discretion: the Court may remand jurisdictionally insufficient main case. 14A C. Wright, A. Miller, & E. Cooper, *Federal Practice & Procedure*, § 3724 at 394–95 (2d ed. 1984).

## D. Pendent–Party and Pendent Claim Jurisdiction

Pendent-party jurisdiction is a variant of pendent claim jurisdiction.[5] Although there is a common nucleus of operative fact, pendent-party jurisdiction involves "jurisdiction over parties not named in any claim that is independently cognizable by the federal court." *Finley v. United States*, 490 U.S. 545, 109 S.Ct. 2003, 2006, 104 L.Ed.2d 593 (1989). Without an independent basis of federal jurisdiction, *e.g.*, federal question or diversity, the pendent-party is an additional party who is not already before the court.

In this case, which arises under the removal statute, the claims against Dr. Kaufman are not federal in nature; no cause of action is asserted against Dr. Kaufman under Title VII, nor is he an "employer" under Title VII. The claims asserted against him sound entirely upon state law. The Defendants allege that jurisdiction over the state law claims "are cognizable as **pendent claims**" Notice of Removal at ¶ 3. Thus, he is a pendent-party.

Additionally, along with the Title VII claim, there are pendent-claims asserted against Halex.

Although this case arises in the context of removal, this Court must apply the holding of *Finley v. United States*, 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989) and *Stallworth v. City of Cleveland*, 893 F.2d 830 (6th Cir.1990) (Gilmore, J.).

In *Finley*, the Supreme Court held that Congress did not intend in the Federal Tort

---

4. *Gibbs* noted the problems in applying the "cause of action" test of *Hurn v. Oursler*, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148 (1933), which engendered "considerable confusion." *Gibbs, supra*, at 724, 86 S.Ct. at 1138, 16 L.Ed.2d at 218.

5. Pendent-party jurisdiction seems to have arisen from dicta in *Gibbs*, and some respected authority in the lower courts. It has engendered lively academic discussion.

Claims Act ("FTCA"), 28 U.S.C. § 1346, to permit pendent-party jurisdiction. In that case, the plaintiff's decedents were killed when their plane struck electric power lines on an approach to a city-run airfield in San Diego, California. The widow sued the Federal Aviation Administration ("FAA") under the FTCA for alleged negligence. She later sought to amend her Complaint to add state law claims against the City of San Diego and the utility company that maintained the power lines. Although there was no independent jurisdictional basis against the City or the utility company, the trial court granted the motion to amend. The Ninth Circuit reversed.

Resolving a Circuit split,[6] the Supreme Court majority in *Finley* refused to extend the *Gibbs* rationale of judicial economy, convenience, and fairness, to the FTCA, which falls within the exclusive jurisdiction of the federal courts.

▇▇ Significantly, *Finley* restated a longstanding jurisdictional principle[7]: the Constitution must give a federal court the capacity to hear the question, and an Act of Congress must supply it. As to pendent-party jurisdiction, the Court "assumed, without deciding, that the constitutional criterion for pendent-party jurisdiction is analogous to the constitutional criterion for pendent-claim jurisdiction." *Finley, supra,* at ——, 109 S.Ct. at 2006–07, and reiterated the three factor analysis:

> *Gibbs* ... does not end the inquiry into whether a federal court has power to hear the nonfederal claims along with the federal ones. Beyond this constitutional minimum, there must be an examination of the posture in which the nonfederal claim is asserted and of the specific statute that confers jurisdiction over the federal claim. [*Owen Equipment & Erection Co. v. Kroger*], 437 U.S. [365] at 373, 98 S.Ct. [2396] at 2402 [57 L.Ed.2d 274 (1978)].

*Finley, supra,* at ——, 109 S.Ct. at 2007; *Stallworth v. City of Cleveland,* 893 F.2d at 837.

As to the second factor—"posture" or "context"—there is no independent jurisdictional basis over Dr. Kaufman (diversity of citizenship being absent). Ignoring momentarily the state claims asserted against Halex, there is federal jurisdiction over the Title VII claim—which is concurrent with that of the states. *See Yellow Freight System, Inc. v. Donnelly,* —— U.S. ——, 110 S.Ct. 1566, 108 L.Ed.2d 834 (1990) (Holding that federal courts do not have exclusive jurisdiction over Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e

---

6. *Cf. Ayala v. United States,* 550 F.2d 1196 (9th Cir.1977), *cert. dism'd,* 435 U.S. 982, 98 S.Ct. 1635, 56 L.Ed.2d 76 (1978) (Rejecting pendent-party jurisdiction under the Federal Tort Claims Act) with *Lykins v. Pointer, Inc.,* 725 F.2d 645 (11th Cir.1984) & *Stewart v. United States,* 716 F.2d 755 (10th Cir.1982), *cert. denied,* 469 U.S. 1018, 105 S.Ct. 432, 83 L.Ed.2d 359 (1984) (Federal courts have power, under the Federal Tort Claims Act, to hear pendent-party claims.)

7. These principles have been:

It remains rudimentary law that [a]s regards all courts of the United States inferior to this tribunal, two things are necessary to create jurisdiction, whether original or appellate. The Constitution must have given to the court the capacity to take it, *and an act of Congress must have supplied it* .... To the extent that such action is not taken, the power lies dormant.' *The Mayor v. Cooper,* 6 Wall. 247, 252, 18 L.Ed. 851 (1868) (emphasis added); *accord, Christianson v. Colt Industries Operating Co.,* 486 U.S. 800, 818, 108 S.Ct. 2166, 2178, 100 L.Ed.2d 811 (1988); *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 379–380, 101

S.Ct. 669, 66 L.Ed.2d 571 (1981); *Kline v. Burke Construction Co.,* 260 U.S. 226, 233–234, 43 S.Ct. 79, 67 L.Ed. 226 (1922); *Case of the Sewing Machine Companies,* 18 Wall. 553, 577–578, 586–587, 21 L.Ed. 914 (1874); *Sheldon v. Sill,* 8 How. 441, 449, 12 L.Ed. 1147 (1850); *Cary v. Curtis,* 3 How. 236, 245, 11 L.Ed. 576 (1845); *McIntire v. Wood,* 7 Cranch 504, 506, 3 L.Ed. 420 (1813).

Despite this principle, in a line of cases by now no less well established, we have held, without examination of jurisdictional statutes, that federal courts have "pendent" claim jurisdiction—that is, jurisdiction over nonfederal claims between parties litigating other matters properly before the court—to the full extent permitted by the Constitution. *Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Hurn v. Oursler,* 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148 (1933); *Siler v. Louisville & Nashville R. Co.,* 213 U.S. 175, 29 S.Ct. 451, 53 L.Ed. 753 (1909).

*Finley v. United States,* 490 U.S. 545, ——, 109 S.Ct. at 2006, 104 L.Ed.2d 593 (1989). (Emphasis in *Finley*)

*et seq.*) Despite the stronger argument in *Finley* that the FTCA was within the exclusive jurisdiction of the federal courts [8]—and two lawsuits, one in federal, the other in state court, would have to be filed, the Court stated:

> As in *Kroger*, the relationship between petitioner's added claims and the original complaint is one of "mere factual similarity," which is of no consequence since "neither the convenience of the litigants nor considerations of judicial economy can suffice to justify extension of the doctrine of ancillary jurisdiction." [9]

*Finley, supra,* at ——, 109 S.Ct. at 2008.

■■■ Finally, the Court must examine the specific jurisdictional statute itself to see whether there was an "affirmative grant" of pendent-party jurisdiction. *Finley, supra,* at ——, 109 S.Ct. at 2009; 13B C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 3567.2 (1990 Supp. at 26). The dissenting Justices in *Finley* argued that the prior interpretative rule assumed the existence of pendent-party jurisdiction unless "Congress in the statutes conferring jurisdiction has... expressly or by implication negated its existence." *Finley, supra,* at ——, 109 S.Ct. at 2019.

*Finley* stated a rule for interpretation:

> Our cases show, however, that with respect to the addition of parties, as opposed to the addition of only claims, we will not assume that the full constitution-

al power has been congressionally authorized, and will not read jurisdictional statutes broadly.

*Id.,* at ——, 109 S.Ct. at 2007.

The Court further concluded:

> All our cases—*Zahn, Aldinger,* and *Kroger*—have held that a grant of jurisdiction over claims involving particular parties does not itself confer jurisdiction over additional claims by or against different parties. Our decision today reaffirms that intrepretive rule; the opposite would sow confusion.

*Id.,* at ——, 109 S.Ct. at 2010.

Thus, this Court must examine § 1441(c) for an affirmative grant of pendent-party jurisdiction.

There is some authority holding that § 1441(c) permits pendent-party jurisdiction. *See Carter v. Dixon,* 727 F.Supp. 478, 479 (N.D.Ill.1989); 13B C. Wright, A. Miller, & E. Cooper, *Federal Practice & Procedure* § 3567.2 (1990 Supp. at 26 & n. 48) Unfortunately, the well-written opinion in *Carter* applied the "expressly negated" test, not the "affirmative grant" test, and is thus not sound.

§ 1441(c) states:

> Whenever a separate and independent **claim or cause of action,** which would be removable if sued alone, is **joined with one or more** otherwise non-removable **claims or causes of action,** the entire case may be removed and the district court may determine all issues therein,

---

8. Prior to *Finley,* most federal courts allowed joinder of the pendent-parties when the jurisdiction was exclusive. 13B C. Wright, A. Miller, & E. Cooper, *Federal Practice & Procedure,* § 3567.2 at 157 & n. 35 (2d ed. 1984). This argument was rejected in *Finley.*

9. The majority stated that ancillary jurisdiction, which also adds claims of added parties who lack an independent basis for federal jurisdiction, is confined to "a narrow class of cases." *Finley, supra,* at ——, 109 S.Ct. at 2008. *See also* 13B C. Wright, A. Miller, & E. Cooper, *Federal Practice & Procedure* § 3567.2 (1990 Supp. at 26–27 & nn. 50–51).

In its purest form, ancillary jurisdiction is a doctrine of necessity. A new party, also wishing to assert his or her claim, has been permitted to invoke the Court's ancillary jurisdiction when the Court has exclusive control of proper-

ty or assets, *Freeman v. Howe,* 24 How. 450, 460, 16 L.Ed. 749 (1861), or when it is necessary to give effect to the Court's judgment, *Local Loan Co. v. Hunt,* 292 U.S. 234, 239, 54 S.Ct. 695, 697, 78 L.Ed. 1230 (1934). Ancillary jurisdiction has been the jurisdictional underpinning of much third-party practice under Rules 13–14, such as third-party complaints for indemnity and contribution.

Some lower courts, reading this language, have read *Finley* as curtailing ancillary jurisdiction. *See Community Coffee Co. v. M/S Kriti Amethyst,* 715 F.Supp. 772, 774 (E.D.La.1989) (Noting that no specific statute authorizes ancillary jurisdiction over additional parties for indemnity and contribution claims and that *Finley* requires an independent jurisdictional basis); *Aetna Casualty & Surety Co. v. Spartan Mechanical Corporation,* 738 F.Supp. 664 (E.D.N.Y. 1990) (Following *Community Coffee, supra,*).

or in its discretion, may remand all matters not otherwise within its original jurisdiction.

Although one could read the statute as not negating pendent-party jurisdiction, the statute does not state "claim or cause of action ... joined with one or more ... claims or causes of action [brought **by or against a different party**]." The Legislative history of the statute shows that Congress intended to limit removal, especially in the diversity area, but also extended the limitation to federal questions. Thus, under *Finley*, there is not the "affirmatively grant" of pendent-party jurisdiction; furthermore, under *Stallworth, supra*, which was also unwilling to extend pendent-party jurisdiction under 28 U.S.C. § 1343, and *Shamrock Oil, supra*, (strictly construing removal statutes), this Court must hold that § 1441(c) does not authorize pendent-party jurisdiction.

*Finley* has been criticized—*see Tentative Recommendations of the Federal Courts Study Committee* at 69–70 (December 22, 1989) and *Report of the Federal Courts Study Committee* at 47–48 (April 2, 1990); however, as these fine documents and the *Finley* majority noted, the remedy lies in the Congress, not in the Courts.

Even assuming this Court could exercise pendent-party jurisdiction under § 1441(c), the doctrine is one of discretion, not of right, and the Court may remand matters not within its jurisdiction. *Zabkowicz v. West Bend Co. Division Dart Industries*, 789 F.2d 540, 546 (7th Cir. 1986). However, the Court need not reach that argument, because even if Dr. Kaufman is ignored, the Court lacks removal jurisdiction over the claims against Halex.

The claims against Halex are asserted under Title VII, and state law (Ohio civil rights law, tortious interference with contract and infliction of emotional distress) arising out of discharge from employment. They derive from a "common nucleus of operative fact"; they are part of a series of interlocked transactions. Therefore, they are not "separate and independent," and within the removal jurisdiction of this Court.

Even if all the Halex claims could meet the *Finn* test, this Court would be reluctant to split this particular lawsuit into two. Perkins chose a forum where she could sue all parties in "one" case. This Court believes that this case should proceed in such a forum.

*E. Conclusion*

Accordingly, since removal was improper, pursuant to 28 U.S.C. § 1447(c), this case is REMANDED to the Court of Common Pleas, Cuyahoga County.

IT IS SO ORDERED.